IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LAWRENCE K. BUTCHER and
JENNIFER BUTCHER                                                         PLAINTIFFS

V.                                                              CIVIL ACTION NO.: 3:05-CV-619BN

ALLSTATE INSURANCE COMPANY                                               DEFENDANT

## ANSWER, DEFENSES & AFFIRMATIVE DEFENSES OF ALLSTATE INSURANCE COMPANY

**COMES NOW**, Allstate Insurance Company (hereafter referred to as "Allstate") by and through its counsel of record, and files this its Answer, Defenses and Affirmative Defenses and in support of same would state as follows:

### FIRST DEFENSE

The Plaintiffs' Complaint should fail as it states no claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

The Plaintiffs' Complaint as initially filed should fail based upon the improper venue filing of Hinds County, Mississippi. Allstate has filed its motion to transfer, which motion was granted by this Court on November 15, 2006.

### THIRD DEFENSE

**AND NOW** having asserted the above applicable Rule 12 defenses and reserving the right to be heard as to each defense, Allstate answers the Plaintiffs'

Complaint, paragraph by paragraph, as follows:

**1.**

Allstate admits the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

**2.**

Allstate denies as worded the allegations contained in Paragraph 2 of Plaintiffs' Complaint, but would admit that Allstate policy number 910622690 is the best evidence of its contents and is subject to all policy periods, terms, conditions, definitions and exclusions stated therein.

**3.**

Allstate denies as worded the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

**4.**

Allstate admits that the subject policy required the Plaintiffs to notify Allstate of any fire loss and to submit a proof of loss. Allstate denies the remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint and demands strict proof thereof.

**5.**

Allstate denies as worded the allegations contained in Paragraph 5 of Plaintiffs' Complaint and would admit only that the Plaintiffs' claim was denied in accordance with the policy's terms, conditions, definitions and exclusions.

## COUNT 1

## BREACH OF CONTRACT

**6.**

Allstate re-adopts and re-alleges each and every response to Paragraphs 1 through 5 contained herein.

**7.**

Allstate denies the allegations contained in Paragraph 7 of Plaintiffs' Complaint and demands strict proof thereof.

**8.**

Allstate denies the allegations contained in Paragraph 8 of Plaintiffs' Complaint and demands strict proof thereof.

As to the paragraph beginning "WHEREFORE" as an unnumbered paragraph following paragraph 8 of Plaintiffs' Complaint, Allstate denies that the Plaintiffs are entitled to $1,049,544.00 and further deny that they are entitled to any prejudgment interest and costs from Allstate.

## COUNT 2

## BAD FAITH REFUSAL TO PROVIDE COVERAGE AND TO PROMPTLY AND ADEQUATELY INVESTIGATE THE CLAIM

**9.**

Allstate re-adopts and re-alleges each and every response to Paragraphs 1 through 8 herein.

**10.**

Allstate denies the allegations contained in Paragraph 10 of Plaintiffs' Complaint

3

and demands strict proof thereof.

**11.**

Allstate denies the allegations contained in Paragraph 11 of Plaintiffs' Complaint and demands strict proof thereof.

As to the paragraph beginning "WHEREFORE" as an unnumbered paragraph following Paragraph 11 of Plaintiffs' Complaint, Allstate denies that the Plaintiffs are entitled to $500,000.00 each and further deny that the Plaintiffs are entitled to any prejudgment interest, costs and attorney's fees in any amount of and from Allstate.

**COUNT 3**

**12.**

Allstate re-adopts and re-alleges each and every response to Paragraphs 1 through 11 herein.

**13.**

Allstate denies as worded the allegations contained in Paragraph 13 of Plaintiffs' Complaint. Allstate would admit that First National Bank of Picayune was the mortgagee on said property pursuant to the subject policy and would further admit that the First National Bank of Picayune has been paid its interest in the subject property in accordance with the Allstate policy's terms, conditions, definitions and exclusions.

**14.**

Allstate denies the allegations contained in Paragraph 14 of Plaintiffs' Complaint and demands strict proof thereof.

Case 1:06-cv-00423-KS-MTP    Document 5    Filed 11/21/2005    Page 5 of 17

**15.**

Allstate denies the allegations contained in Paragraph 15 of Plaintiffs' Complaint and demands strict proof thereof.

**16.**

Allstate denies the allegations contained in Paragraph 16 of Plaintiffs' Complaint and demands strict proof thereof.

As to the paragraph beginning "WHEREFORE" following Paragraph 16 of Plaintiffs' Complaint, Allstate denies that the Plaintiffs are entitled to $200,000.00 and further denies that they are entitled to any prejudgment interest and costs as requested in Plaintiffs' Complaint.

**COUNT 4**

**TORTIOUS BEACH OF CONTRACT**

**17.**

Allstate re-adopts and re-alleges each and every response to Paragraphs 1 through 16 herein.

**18.**

Allstate denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint and demands strict proof thereof.

**19.**

Allstate denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint and demands strict proof thereof.

As to the paragraph beginning "WHEREFORE" immediately following Paragraph

19 of Plaintiffs' Complaint, Allstate denies that the Butchers are entitled to any judgment from Allstate and further denies that they are entitled to $1,000.000.00, or any other amount of and from Allstate under Count 4

As to the 2nd Paragraph beginning "WHEREFORE" following Paragraph 19 of Plaintiffs' Complaint, Allstate denies that the Plaintiffs are entitled to judgment under Count 3 in the amount of $1,000,000.00 and further deny that the Plaintiffs are entitled to prejudgment interest, attorney's fees and costs of and from Allstate.

Finally, Allstate denies that the Plaintiffs are entitled to any relief from Allstate, either legal or equitable.

AND NOW, having answered the Plaintiffs' Complaint paragraph by paragraph, and having moved this Court for an order dismissing this action against Allstate pursuant to Rule 12(b)(6), Allstate affirmatively alleges as follows, to-wit:

### FIRST AFFIRMATIVE DEFENSE

Allstate affirmatively pleads that no coverage exists for the Plaintiffs' losses caused by intentional acts of an insured pursuant to the subject policy's terms, conditions, definitions and exclusions stated therein.

### SECOND AFFIRMATIVE DEFENSE

Allstate reserves the right to assert any further or additional defenses that may be developed during the course of discovery in this matter.

### THIRD AFFIRMATIVE DEFENSE

Allstate affirmatively pleads that the homeowners policy issued by Allstate under which the Plaintiffs are making claims is the best evidence of that policy's

contents and are pled herein as though copied in their entirety. Allstate specifically denies any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusions or limitations of said policy.

## FOURTH AFFIRMATIVE DEFENSE

Without waiving any other defenses elsewhere asserted herein, Allstate would aver and plead that any allegation contained in the Plaintiffs' Complaint which has not been specifically admitted is hereby denied.

## FIFTH AFFIRMATIVE DEFENSE

Allstate avers that the Plaintiffs have not been damaged as a result of any alleged wrongdoing on the part of Allstate.

## SIXTH AFFIRMATIVE DEFENSE

Allstate denies that Plaintiffs were injured to the nature and extent claimed and contests damages.

## SEVENTH AFFIRMATIVE DEFENSE

Allstate affirmatively pleads that it has not breached any duty of good faith and fair dealing which exists in favor of the Plaintiffs. As such, Allstate avers that the Plaintiffs may not assert a claim for extra-contractual damages, including punitive damages, as there is insufficient evidence to establish the burden of proof necessary to sustain the underlying claims for damages under Allstate's policy at issue, and without actual damages against Allstate, extra-contractual damages, including punitive damages, are not recoverable.

## EIGHTH AFFIRMATIVE DEFENSE

Allstate affirmatively pleads that it is not guilty of bad faith in its dealings with the Plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

Allstate denies that it has been guilty of any conduct which entitles Plaintiffs to recover punitive damages or extra-contractual damages of any kind and affirmatively pleads all conditions precedent under all policies which the Plaintiffs have listed in their Complaint and under which they are suing Allstate.

## TENTH AFFIRMATIVE DEFENSE

Allstate affirmatively pleads any award of punitive or exemplary damages or extra contractual damages of any type, whether compensatory or otherwise, is precluded because Allstate clearly had at a minimum, legitimate and arguable reasons for its conduct and decisions in this case.

## ELEVENTH AFFIRMATIVE DEFENSE

Allstate avers that any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to Allstate under the Constitution of the State of Mississippi.

## TWELFTH AFFIRMATIVE DEFENSE

Allstate avers that any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to Allstate under the Constitution of the United States of America.

### THIRTEENTH AFFIRMATIVE DEFENSE

Allstate avers that any award of punitive damages to the Plaintiffs in this case will be violative of the Constitutional safeguards provided to Allstate under the due process clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Mississippi Law is vague, is not based upon any objective standards, is in fact, standardless, and is not rationally related to legitimate governmental interests.

### FOURTEENTH AFFIRMATIVE DEFENSE

Allstate avers that any award of punitive damages to the Plaintiffs in this case will be violative of the procedural safeguards provided to Allstate under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Allstate is entitled to the same procedural safeguards accorded to criminal defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE

Allstate affirmatively pleads that every element of the Plaintiffs' claims for punitive damages must be proved beyond a reasonable doubt because without such proof, said claim would violate Allstate's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and under Article 3, Section 14 of the Mississippi Constitution.

### SIXTEENTH AFFIRMATIVE DEFENSE

Allstate avers that the Plaintiffs' claim for punitive damages violates Article I, and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the

Constitution of the United States on the following grounds:

    A.    It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the plaintiff satisfying a burden of proof which is less than a "beyond a reasonable doubt" burden of proof required in criminal cases;

    B.    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

    C.    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

    D.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

    E.    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the equal protection clause of the Fourteenth Amendment of the United States Constitution;

    F.    The procedures pursuant to which punitive damages are awarded

permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the due process clause of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment of the United States Constitution.

G. The procedures pursuant to which punitive damages are awarded violate the dormant provisions of the Commerce clause of the United States Constitution, Article I, Section 8. Non-resident defendants are assessed punitive damages by Mississippi courts on a disparate and unequal basis in violation of the commerce clause, and the dormant provisions related thereto, of the United States Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Allstate avers that Plaintiffs' claim of punitive damages violates the due process clause of Article 3, Section 14 of the Constitution of Mississippi on the following grounds:

A. It is a violation of the due process clause to impose punitive damages, which are penal in nature upon civil defendants upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

B. The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these defendants;

C. The procedures pursuant to which punitive damages are awarded are unconstitutionally vague and not rationally related to legitimate governmental interests;

D.   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

E.   The award of the punitive damages in this action constitutes a deprivation of property without due process of law; and

F.   It is a violation of the due process clause to impose punitive damages against the defendant which are penal in nature, yet compels a defendant to disclose potentially incriminating documents and evidence.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Allstate avers that the award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE

Allstate avers that the award of punitive damages against Allstate in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article Three, Section 16 of the Constitution of Mississippi and the United States Constitution.

## TWENTIETH AFFIRMATIVE DEFENSE

Allstate avers that the award of punitive damages against Allstate in this action would violate the due process clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court in BMW v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed. 2d 809 (1996), Cooper Industries,

Inc. v. Leatherman, 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed. 2d 674 (2001) and State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S.Ct. 1513, 155 L.Ed. 2d 585, 71 U.S.L.W. 4282 (2003), on the following grounds:

    A.    It is a violation of this defendant's right to due process to impose punitive damages to deter future misconduct, where less drastic remedies could achieve this goal;

    B.    It is a violation of due process to subject this defendant to punitive damages without providing this defendant fair notice of the conduct that will subject it to punishment and the severity of the penalty that may be imposed;

    C.    It is a violation of due process to punish this defendant with the intent of changing its lawful conduct in other states; and

    D.    It is a violation of this defendant's right to due process to impose punitive damages which are grossly excessive.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Allstate avers that a jury award of mental anguish damages in this case would violate due process and equal protection rights guaranteed to Allstate by the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 1, 6 and 22 of the Constitution of the State of Mississippi. In particular, a mental anguish damage award will violate these constitutional provisions because Mississippi jurors are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Allstate affirmatively pleads that their policy forms at issue were properly filed with and approved by the Mississippi Commissioner of Insurance in accordance with §§ 83-2-1, *et seq.* Mississippi Code of 1972, Annotated (as amended).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Allstate affirmatively pleads all provisions regarding misrepresentations and/or concealment by the Plaintiffs' in the investigation of Plaintiffs' claims as provided by the Allstate policy at issue.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Allstate affirmatively pleads that Plaintiffs' claims are barred by promissory estoppel, waiver or by the doctrine of laches.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Allstate affirmatively pleads that granting the relief sought by Plaintiffs would result in unjust enrichment.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Allstate affirmatively pleads that the Plaintiffs' Complaint improperly seeks to effect a taking without just compensation in contravention of rights guaranteed to Allstate by the Constitutions of the United States of America and the State of Mississippi.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Allstate affirmatively pleads that it is entitled to recoup all monies paid under

the subject policy to the named mortgagee under the Plaintiffs' policy, including interest from the date of the payoff to the named mortgagee under the terms of the original Note, all of which is plead affirmatively herein.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Allstate affirmatively pleads that any attempt to rewrite or abridge the clear and unambiguous policy language contained in the policy referenced herein would violate the prohibition against laws that impair the obligations of contracts in violation of Article Three, Section 16 of the Constitution of Mississippi and similar protections contained in the United States Constitution.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Allstate affirmatively pleads that the Plaintiffs remain the owners of the subject property and as such have the responsibility for insuring any property which they own.

### THIRTIETH AFFIRMATIVE DEFENSE

Allstate affirmatively pleads the provisions of all voluntary agreements between the parties and that Allstate has complied with all such agreements.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Allstate affirmatively pleads its reliance upon experts for its decisions in this case, thereby establishing an arguable reason for its conduct and acts, and further affirmatively pleads all bases for denial.

**WHEREFORE, PREMISES CONSIDERED**, Allstate requests that the instant Complaint be dismissed as against Allstate and further requests that all costs be

assessed to the Plaintiffs.

RESPECTFULLY SUBMITTED, this the 21st day of November 2005.

ALLSTATE INSURANCE COMPANY,
Defendant

BY: ALLEN, VAUGHN, COBB & HOOD, P.A.

BY: _____
HARRY R. ALLEN, MSB #1364
SHERRIE L. MOORE, MSB #10723

ALLEN, VAUGHN, COBB & HOOD, P.A.
Attorneys at Law
One Hancock Plaza, 12th Floor
Post Office Drawer 4108
Gulfport, MS 39502
Telephone: (228) 864-4011
Facsimile: (228) 864-4852

## CERTIFICATE OF SERVICE

I, Sherrie L. Moore, do hereby certify that I have this day mailed, by U.S. Mail, postage pre-paid, a true and correct copy of the above and foregoing **ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES OF ALLSTATE INSURANCE COMPANY** to the following:

**ATTORNEY FOR PLAINTIFFS:** Thomas W. Prewitt, Esq.
7720 Old Canton Road, Suite A
P. O. Box 2327
Madison, MS 39130-2327

THIS, the 21st day of November, 2005.

_____
SHERRIE L. MOORE