IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LAWRENCE K. BUTCHER and
JENNIFER BUTCHER                                                                              PLAINTIFFS

VS.                                                              CIVIL ACTION NO. 1:06cv423-KS-MTP

ALLSTATE INSURANCE COMPANY, ET AL.                                            DEFENDANTS

### ORDER ON MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH SUBPOENAS

This matter is before the court on the Plaintiff's Motion [100] for Protective Order to Compel Defendants to Adhere to the Discovery Deadline and Motion [104] to Quash Three Subpoenas Duces Tecum, and the court having considered the motions and the responses thereto finds that the Motion [100] for Protective Order should be granted and the Motion [104] to Quash should be granted.

In their Motion for Protective Order to Compel Defendants to Adhere to the Discovery Deadline [100], Plaintiffs claim that the subpoenas duces tecum Defendant Allstate Insurance Company ("Allstate") issued to their experts, Scientific Fire Analysis, LLC and John Lentini (collectively "Lentini"), and Mark Bullock, are unenforceable because they were untimely served. Specifically, Plaintiffs claim that the Lentini subpoenas were not served until September 29, 2008, only days before the discovery deadline of October 1, 2008, and the Bullock subpoena was not served until October 10, 2008.[1] Accordingly, Plaintiffs urge that the untimely service did not allow sufficient time for Plaintiffs' experts to respond to the subpoenas prior to the expiration of the discovery deadline as required by Local Rule 26.1(B)(2). Plaintiffs claim that the subpoenas also failed to allow for a reasonable time for compliance as required by Fed. R. Civ. P. 45(c)(3)(A)(i).

---

[1] *See* Returns [96][97].

Plaintiffs also oppose the enforcement of the three subpoenas referenced above in their Motion [104] to Quash. Plaintiffs again raise the untimely service issue set forth above. Additionally, Plaintiffs claim that the requested documents are irrelevant, vague, and overly broad, and that their production would place an undue burden on Lentini and Bullock.

In response, Allstate claims that the subpoenas are enforceable because they were issued prior to the expiration of the discovery deadline, and because two of the three subpoenas were served prior to the discovery deadline. Allstate also claims that Plaintiffs lack standing to move to quash the subpoenas under Fed. R. Civ. P. 45(c). Notwithstanding the lack of standing, Allstate claims that Plaintiffs have failed to identify any prejudice that would occur if the subpoenas were enforced.

Initially, the court must address Plaintiffs' standing to oppose a subpoena issued to a non-party. The Fifth Circuit has held that a non-party does not have standing to oppose a subpoena since the party is "not in possession of the materials subpoenaed and [has] not alleged any personal right or privilege with respect to the materials subpoenaed." *Brown v Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). However, Plaintiffs here do assert a personal right or privilege with respect to the documents at issue. While the subpoenas were issued to non-parties, those non-parties are Plaintiffs' designated experts. Plaintiffs claim that the documents sought in the subpoenas contain personal and confidential information relating to Plaintiffs, and contain information that was conveyed to the experts by Plaintiffs with the understanding that it would not be disclosed to outside parties.

In addition, Rule 26(c) of the Federal Rules of Civil Procedure provides that "A party or any person from whom discovery is sought may move for a protective order . . . ." If the party or person establishes good cause, the court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Thus, a "motion for a protective order in this circumstance does not seek to vindicate a non-party's right to resist the compulsory process of the court." *Wilson v. Scruggs*, No. Civ. A. 3:02CV525LN, 2003 WL

23521358 (S.D. Miss. April 10, 2003).  Instead, the motion seeks to place reasonable limits on the discovery process.  As Plaintiffs do have standing to bring a motion for protective order and have moved for a protective order, the court will treat the Plaintiffs' motions solely as a request for protective order.  *Id.; see also Williams v. Weems Community Mental Health Center*, No. Civ. A. 4:04CV179LR, 2006 WL 905955 (S.D. Miss. April 7, 2006).

Subpoenas issued for discovery purposes, such as those at issue here, are subject to the discovery limitations outlined in Fed. R. Civ. P. 26(b).  *Hussey v State Farm Lloyds Ins. Co.,* 216 F.R.D. 591, 596 (E.D. Tex. 2003)*;* 9A Wright &Miller, *Federal Practice & Procedure: Civil* 2d § 2459  ("Of course, the matter sought by the party issuing the subpoena must be reasonably calculated to lead to admissible evidence as is required by the last sentence of Rule 26(b)(1).")  Indeed, there is no practical reason to apply a different rule simply because Allstate choose to obtain information from Plaintiffs' experts via subpoenas rather than by document requests.[2]

Local Rule 26.1(A)(2)(c) provides that "Discovery regarding experts shall be completed within the discovery period."  The court may allow "the subsequent designation and/or discovery of expert witnesses only upon a showing of good cause."  Moreover, Local Rule 26.1(B)(1) provides that the "discovery deadline or cut-off date is that date by which all responses to written discovery shall be due according to the Federal Rules of Civil Procedure and by which all depositions shall be concluded. . . . Counsel must initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery cut-off date so as to comply with this rule, and discovery requests that seek responses or schedule depositions that would otherwise be answerable after the discovery cut-off are not enforceable except by order of the court for good cause shown."

The discovery deadline set by the court passed on October 1, 2008.  *See* Case

---

[2]The parties have given little detail as to what information has been produced by Plaintiffs' experts–Lentini and Bullock–through their expert designations, their initial disclosures, or otherwise during the discovery process.

Management Order [55].  The subpoenas issued to the Plaintiffs' experts directed a response on October 6, 2008, after the expiration of the discovery deadline.  *See* Notices [89][90][91].  Allstate has failed to establish good cause to enforce the untimely subpoenas issued to Plaintiffs' experts which required responses after the expiration of the discovery deadline.  Plaintiffs represent that they advised Allstate they had retained Lentini and Bullock as experts as early as April 1, 2008, yet Allstate has failed to offer any reason why it waited until just days before the discovery deadline to issue the subpoenas to Plaintiffs' experts, or why it otherwise failed to conduct written discovery to Plaintiffs' experts during the discovery period.[3]  Accordingly, the Plaintiffs' Motion [100] for Protective Order to Compel Defendants to Adhere to the Discovery Deadline should be granted.[4]

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Motion [100] for Protective Order to Compel Defendants to Adhere to the Discovery Deadline is GRANTED and Plaintiff's Motion [104] to Quash Three Subpoenas Duces Tecum is GRANTED.  The subpoenas are hereby quashed and held of no force or effect.

SO ORDERED this the 18th day of November, 2008.

s/ Michael T. Parker
United States Magistrate Judge

---

[3] Allstate does indicate that it was unable to secure the depositions of Plaintiffs' experts prior to the discovery deadline despite several attempts.

[4] The court's ruling in no way limits the Plaintiffs' obligations to provide expert disclosures and designations required by Fed. R. Civ. P. 26(b) and Local Rule 26.1(A).