IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LAWRENCE K. BUTCHER and
JENNIFER BUTCHER                                                                    PLAINTIFFS

VS.                                                         CIVIL ACTION NO. 1:06cv423-KS-MTP

ALLSTATE INSURANCE COMPANY, ET AL.                                    DEFENDANTS

**ORDER ON MOTION TO SEVER OR
BIFURCATE INTERVENOR'S CLAIMS**

This matter is before the court on the Plaintiffs' Motion to Sever or Bifurcate Intervenor's Claims [102], and the court having considered the motion and the response thereto finds that the motion should be denied.

Plaintiffs entered into a contract with RH Construction, Inc. for the construction of a residence in Picayune, Mississippi.  On October 11, 2002, RH Construction filed a lien against the subject property as a result of the Plaintiffs' alleged failure to pay the sum due and owing under the construction contract and for their alleged interference with the operations of RH Construction and its subcontractors.

On November 22, 2002, Plaintiffs filed their complaint against RH Construction for discovery and for an accounting in equity, for a decree clearing title, for damages for slander of title, for damages for breach of contract and negligence, and for punitive damages, in the Chancery Court of Pearl River County, Mississippi, bearing Cause No. 02-0578-GN-TH.  RH Construction subsequently filed a counterclaim against Plaintiffs, asserting causes of action including breach of contract and reimbursement for the labor and materials incorporated into their residence.[1]  Subsequently, the subject residence was destroyed by fire.

---

[1] On March 22, 2007, the chancery court action was stayed pending resolution of this action.

1

On September 15, 2005, Plaintiffs filed their complaint against Allstate Insurance Company in the Circuit Court of Hinds County, Mississippi bearing Cause No. 251-05-901CIV, alleging breach of contract, bad faith refusal to provide coverage and to promptly and adequately investigate the claim, improper insurance, and tortious breach of contract.  On October 14, 2005, Defendant Allstate removed the action to this court.  *See* Notice of Removal [1].

On April 17, 2006, RH Construction filed its Motion to Intervene [9].  The court granted RH Construction's Motion to Intervene on June 9, 2006.  Plaintiffs concede they did not oppose RH Construction's motion to intervene at the time it was filed, but fail to offer any reason why they did not oppose the motion.  On June 20, 2006, RH Construction filed its Complaint in Intervention [10], asserting that it holds a construction lien on the property owned by Plaintiffs which was insured by Allstate and subsequently destroyed by fire.  RH Construction submits that it is entitled to the insurance proceeds, or other compensation from Plaintiffs, to satisfy the construction lien and amounts due and owing to it from Plaintiffs related to the construction of the insured residence.

Plaintiffs filed their Motion to Sever or Bifurcate Intervenor's Claims [102] on October 24, 2008.  The Fifth Circuit has stated that "that motions for severance and motions for separate trial are distinct and preferably should be treated as such."  *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993).  In noting the distinction, the Fifth Circuit stated that "separate trials will usually result in one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently."  *McDaniel*,  987 F.2d at 304 n.19.

*Motion to Sever*

Rule 21 of the Federal Rules of Civil Procedure provides as follows: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  In

2

considering a motion to sever, the court may consider the following factors:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims.

*McFarland v. State Farm Fire & Cas. Co.*, No. 1:06cv466-LTS-RHW, 2006 WL 2577852, at *1 (S.D. Miss. Sept. 6, 2006).

In considering the factors above, the court finds that Plaintiffs' motion to sever should be denied. Although the claims do not involve the same transaction or occurrence, the claims present common questions of law and fact, including the subject residence, Plaintiffs' financial situation, potential motive, and the value and quality of the subject property. The court also concludes that judicial economy facilitates the claims being tried together, as the claims will involve overlapping evidence. Further, severance is not required to prevent the parties from suffering any significant prejudice.

This case was continued twice while Plaintiff Lawrence Butcher was under indictment for arson of the residence at issue. *See* Orders [51][54]. Plaintiffs sought and received a continuance of <u>all</u> claims (those involving both Allstate and RH Construction) in this action. Apparently conceding that RH Construction's claims were sufficiently related to the arson claim such that any statements they would make or give might serve to undermine the Fifth Amendment privilege,[2] Plaintiffs now assert that their claims against RH Construction and Allstate are somehow so distinct and unrelated that they do not belong in the same case.

---

[2]*See* Memorandum [44] at 2-3.

Plaintiffs' motion to sever comes over two years after RH Construction's Motion to Intervene was granted. Plaintiffs have had ample opportunity to oppose the intervention and/or file a motion to sever, yet chose to wait until days prior to the motion deadline to do so. Notably, Plaintiffs did not oppose the intervention at the time, but now argue that the Motion to Intervene should not have been granted. *See* Memorandum [103].

However, not only did Plaintiffs fail to oppose RH Construction's intervention and fail to request a severance at either case management conference, they filed an Amended Complaint [66] on May 15, 2008, asserting <u>direct</u> claims against RH Construction, making it a party defendant rather than an intervenor. Thus, RH Construction is now a party defendant in this matter not as a result of an improperly granted intervention as Plaintiffs suggest, but as a result of Plaintiffs' own pleadings. *See* Amended Complaint [66].

<u>*Motion to Bifurcate*</u>

Rule 42(b) of the Federal Rules of Civil Procedure provides as follows: **"**For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." In considering a motion to bifurcate, or for separate trials, under Rule 42(b), the court may consider the following factors:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the posture of discovery as to the respective claims suggests that they should not be tried jointly; (3) whether the claims present common questions of fact or law; (4) whether the claims will require testimony of different witnesses and documentary proof; and (5) the prejudice to either party in the event separate trials are ordered.

*Thompson v. Sanderson Farms, Inc.*, No. 3:04CV837BN, 2006 WL 2559852, at *4 (S.D. Miss. Sept. 1, 2006).

In considering the factors above, the court finds that Plaintiffs' motion for separate trials should be denied. Although the claims do not involve the same transaction or occurrence, the claims present common questions of law and fact, as discussed above. Discovery in this matter has concluded, and Plaintiffs have failed to establish that the discovery conducted indicates that the matters should be tried separately. Further, while the claims will require some difference in witnesses and proof, the claims will also involve many common witnesses and common evidence. Finally, the court finds that separate trials are not required to prevent the parties from suffering any significant prejudice.

As noted above, Plaintiffs' motion for separate trials comes over two years after RH Construction's Motion to Intervene was granted and after Plaintiffs themselves filed direct claims against RH Construction. *See* Amended Complaint [66]. The Plaintiffs have had ample opportunity to oppose the intervention and/or file a motion for separate trials, yet chose to wait until days prior to the motion deadline to do so. Indeed, the Local Rules require the parties to discuss the issue of bifurcation during the case management conference, yet Plaintiffs failed to raise this issue during the two conferences or include anything regarding bifurcation in the proposed case management order. *See* Local Rule 16.1(B); Form 1. Case Management Order Form - Appendix to Local Rules at ¶ 5; Fed. R. Civ. P. 16 and 26(f); Scheduling Order [12]; Case Management Order [55]. Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Plaintiffs' Motion to Sever or Bifurcate Intervenor's Claims [102] is DENIED. However, nothing herein prevents the parties from raising the issue of separate trials or severance with the district judge at the pretrial

conference pursuant to Federal Rule of Civil Procedure 16(c)(2)(M).

SO ORDERED this the 26th day of November, 2008.

s/ Michael T. Parker<br>United States Magistrate Judge