IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LAWRENCE K. BUTCHER and
JENNIFER BUTCHER                                                                          PLAINTIFFS

vs.                                                            CIVIL ACTION NO.: 1:06cv423KS-MTP

ALLSTATE INSURANCE COMPANY                                                    DEFENDANTS

AND

R.H. CONSTRUCTION, INC.                                                               INTERVENOR

**PLAINTIFF'S MOTION IN LIMINE PROHIBITING ANY CONDUCT
WHICH EVIDENCES AGREEMENT OR DISAGREEMENT BY
COUNSEL CONCERNING DR. BUTCHER'S TESTIMONY RELATED TO
HIS REQUESTS OF HER PRIOR TO ALLSTATE'S DENIAL OF COVERAGE**

COME NOW, Plaintiffs, Lawrence K. Butcher and Jennifer Butcher, by and through counsel, and files this their *Motion in Limine* seeking an Order instructing Allstate's Counsel that during this proceeding counsel refrain from expressing in any way, including both verbal and nonverbal means, either agreement or disagreement with any portion of the testimony of Lawrence K. Butcher. This would include argument concerning that testimony which relates to pre-trial contacts between Hon. Sherrie Moore and Dr. Butcher relative to contacting Dr. Butcher's accountant and/or bank as part of determining the Butcher's financial condition.

1.     In January 2005, Allstate exercised its right to require the Butchers to submit to Examinations Under Oath. Leading up to, during and subsequent to those examinations, which were conducted by Hon. Sherrie Moore, Allstate's counsel, Dr.

1

Butcher made several statements to and requests of Allstate's counsel concerning information relative to the Butcher's financial condition. Some of those statements were identified in the deposition of Dr. Butcher in September 2008, which was also conducted by Ms. Moore.

2. The Butchers say that if Ms. Moore or Allstate, her client, had followed the recommendations offered by Dr. Butcher, followed his entreaties for Allstate to contact his accountant and banker, or had pursued Dr. Butcher's offer to cooperate with Allstate's forensic accountant or someone else connected with Allstate for the purpose of determining the Butchers' financial condition, Allstate would have learned sufficient information to establish that the subsequent conclusions of Allstate's forensic accountant were wrong. Consequently, the failure to pursue these offers resulted in a flawed investigation and an erroneous conclusion.

3. Dr. Butcher's comments, offers of cooperation and suggestions are directly relevant to the issue of motive to which the forensic account audit report is addressed. Dr. Butcher will testify that he made the suggestions, recommendations, offers of cooperation and requests to Ms. Moore. Some of the suggestions, recommendations, offers of cooperation and requests are found in Dr. Butcher's deposition of September 19, 2008 at line 226-230. There are other such exchanges in the Examination Under Oath and in the correspondence between Dr. Butcher and Ms. Moore.

4. In the Butchers' Reply to Allstate's Motion for Summary Judgment, they make clear that the issue of Dr. Butcher talking as indicated above to Ms. Moore was a fact

issue which they intended to bring to the jury. *See,* page 8 of their brief which page is attached here as Exhibit 1.  Thus, Allstate knew or should have known that Ms. Moore had to be a witness, if she or any in her firm were to contest any part of the testimony Dr. Butcher intends to offer. Given the knowledge of the certainty that these contacts between Dr. Butcher and Ms. Moore would be an issue, if Allstate intended to contest that testimony through Ms. Moore, it needed to have Ms. Moore and her firm disqualified as its counsel.

5. "It is not desirable for attorneys to testify in cases in which they are engaged as counsel and it should be avoided whenever possible." *Scott County Co-op v. Brown*, 187 So. 2d 321, 325 (1966).  As counsel for Allstate, Ms. Moore is prohibited from acting as an advocate where she is likely to be a necessary witness, absent some extenuating factor. *Mississippi Rules of Professional Conduct*, Rule 3.7; *See also Graves v. Dudley Maples, L.P.*, 950 So. 2d 1017 (2007). Generally, a lawyer should not testify unless circumstances arise which are not anticipated and unless their testimony is necessary to prevent a miscarriage of justice. *Pittman v. Currie*, 414 So. 2d 423, 427 (1982).  Thus, Ms. Moore shouldn't be allowed to testify in this proceeding.

6. In addition, nonverbal testimony of the type possibly involved here, such as sighs, shaking of heads, facial or other gestures should likewise be prohibited.

7. Nonverbal conduct can be the equivalent of an assertive statement; particularly when done for the purpose of deliberate communication. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Federal Rule of Evidence*,

Rule 801(c). A "statement" can be oral, written or nonverbal conduct intended as an assertion. Rule 801(a). This assertive, nonverbal communication is hearsay under Federal Rule of Evidence, Rule 801(a)(2). *See Bridges v. Enterprise Products Co., Inc.*, 2007 WL 571074 (S.D. 2007) (discussing Rule 801 and nonverbal conduct intended as an assertion).

8. In this case, neither Ms. Moore nor any of her co-counsel should be permitted to offer nonverbal testimony in the form of emotion or physical gestures such as nodding, shaking of head, and facial expressions, which obviously would be intended to contest or to disprove Dr. Butcher's testimony. Attorneys, like judges, can give guidance to a jury by their facial expressions, gestures, or other nonverbal conduct. Because Ms. Moore is the subject of a portion of Dr. Butcher's testimony, Ms. Moore may become embarrassed and express nonverbal responses to the jury through emotion or physical gestures which evidence an effort to discredit Dr. Butcher's testimony. As Ms. Moore will not be a witness subject to cross-examination, any testimony, either verbal or nonverbal, would be improper.

9. Plaintiffs respectfully submit that it is within the Court's authority to take such precaution as necessary so as to afford a fair trial to both parties. Any such conveyance by Ms. Moore, whether verbal or nonverbal, direct or indirect, to the testimony of Dr. Butcher would prejudice the Plaintiffs' case.

[THIS SPACE INTENTIONALLY LEFT BLANK]

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request the Court instruct counsel for Allstate not to comment, respond, exhibit emotion, facial expressions, or physical gestures, or otherwise attempt to convey to the jury, either directly or indirectly, any reaction to Dr. Butcher's testimony concerning his contacts with Mr. Moore leading up to, during and after the Examination Under Oath, relative to Dr. Butcher's offer of information to Allstate and/or to the forensic accountant concerning the Butchers' financial condition.

THIS, the 30th day of January, 2009.

Respectfully submitted,

LAWRENCE K. BUTCHER AND JENNIFER BUTCHER

BY: /s/ Thomas W. Prewitt
Thomas W. Prewitt (MSB #4489)
THOMAS W. PREWITT, P.A.
Post Office Box 2327
Madison, Mississippi 39130
Tel:   601.427.2327
THEIR ATTORNEY

## CERTIFICATE OF SERVICE

I, THOMAS W. PREWITT, do hereby certify that I have this date mailed via United States Mail, postage prepaid, and electronically transmitted, a true and correct copy of the foregoing **Plaintiffs' Motion in Limine Prohibiting any Conduct Which Evidences Agreement or Disagreement by Counsel Concerning Dr. Butcher's Testimony Related to His Requests of Her Prior to Allstate's Denial of Coverage** to the following:

> Harry R. Allen
> Sherrie L. Moore
> Margaret P. McArthur
> ALLEN, COBB, HOOD & ATKINSON, P.A.
> 2510 14TH Street, Suite #1212
> Post Office Drawer 4108
> Gulfport, Mississippi 39502
> ATTORNEYS FOR ALLSTATE

> David Ott
> BRYAN, NELSON, P.A.
> 6524 Highway 98
> Post Office Drawer 18109
> Hattiesburg, Mississippi 39404-8109
> ATTORNEY FOR R.H. CONSTRUCTION, INC.

THIS, the 30th day of January, 2009.

/s/ Thomas W. Prewitt
THOMAS W. PREWITT