IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LAWRENCE K. BUTCHER and
JENNIFER BUTCHER                                                                      PLAINTIFFS

vs.                                                          CIVIL ACTION NO. 1:06cv423-KS-MTP

ALLSTATE INSURANCE COMPANY                                                  DEFENDANT

AND

R.H. CONSTRUCTION, INC.                                                              INTERVENOR

**PLAINTIFFS' MOTION IN LIMINE**
**CONCERNING INTRODUCTION OF VARIOUS DOCUMENTS**

COME NOW, the Plaintiffs, Lawrence K. Butcher and Jennifer Butcher, by and through counsel, and files this, their *Motion in Limine* to exclude from evidence at trial certain information, documents and testimony concerning same, to wit:

1. Throughout the course of discovery and its investigation, Allstate secured documents related to lawsuits or other legal matters filed years ago by third parties against Dr. Butcher. Additionally, Allstate secured documents related to a lawsuit which the Butchers filed against a third party. During Dr. Butcher's Examination Under Oath (EUO), Allstate inquired as to these events. Although Allstate could properly inquire about these events during Dr. Butcher's EUO, they do not in any way relate to the September 19, 2004 fire in question.

2. Those lawsuits or other legal matters at issue include the following:

   a. A 1983 *lis pendens* notice filed against Lawrence K. Butcher individually and Lawrence K. Butcher, P.S.C.; In the Bell County Circuit Court; Civil Action No.: 83-CI-447.

        This *lis pendens* notice was filed by William A. Watson, P.S.C.. The *lis pendens* was subsequently removed on July 21, 1993.

    b.    A 1996 lawsuit captioned *Patricia Lingar v. Lawrence K. Butcher, M.D.*; In the Bell County Circuit Court, 44th Judicial District; Civil Action No.: 96-CI-00388.

        This lawsuit involves alleged medical malpractice against Dr. Butcher.

    c.    A 1997 lawsuit captioned *Alice Cox v. Pineville Community Hospital Assn., Inc. and Lawrence K. Butcher, M.D.*; In the Bell County Circuit Court; Civil Action No.: 97-CI-00091.

        This lawsuit also involves alleged medical malpractice against Dr. Butcher.

    d.    A 1999 lawsuit captioned *J. P. Cline III v. Lawrence K. Butcher, M.D.*; In the Bell County Circuit Court, 44th Judicial District; Civil Action No.: 99-CI-00481.

        This lawsuit involves alleged unpaid attorneys fees.

    e.    A 2001 lawsuit captioned *Lawrence K. Butcher and wife, Jennifer Lynn Butcher v. United Services Automobile Association*; In the Bell County Circuit Court, 44th Judicial District; Civil Action No.: 01-CI-00299.

        This lawsuit was brought by the Butchers against United Services Automobile Association (USAA) for USAA's wrongful denial of a personal property claim made by the Butchers.

These documents are clearly unrelated to any of the present issues against Allstate and would only serve to prejudice or confuse the jury if allowed into evidence.

    3.    Additionally, during Dr. Butcher's EUO, Allstate solicited testimony concerning the aforementioned 1996 and 1997 medical malpractice complaints lodged against Dr. Butcher while practicing as an OBGYN in Kentucky. This testimony likewise is not relevant to the issues in the case *sub judice*.

4.  In addition, during discovery Allstate solicited testimony concerning whether or not Dr. Butcher had been denied medical malpractice insurance in Kentucky or Mississippi. Such testimony is likewise not relevant and would only serve to confuse or unfairly prejudice the jury.

5.  Further, Allstate ran some type of check which resulted in a report that stated that a Mrs. Butcher was wanted for some undisclosed type of criminal conduct in Texas; however, the Plaintiff Mrs. Jennifer Lynn Butcher is not that individual. Allstate should not be permitted to suggest that the investigation resulted in this finding and then require Mrs. Butcher to prove her innocence.

6.  The issues discussed by this *Motion in Limine* do not constitute admissible evidence in this proceeding. The alleged evidence is (a) not relevant to any issue in this proceeding and (b) its admission would be unfairly prejudicial to the Butchers. The mere mention of such evidence, or an attempt to introduce the documents and events relative to those documents, would be for the sole purpose of prejudicing the Butchers in the eyes of the jury. As such, the alleged evidence is not admissible pursuant to Rules 401 and 403 of the Federal Rules of Evidence.

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

WHEREFORE, PREMISES CONSIDERED, the Butchers pray that the Court instruct Allstate and its witnesses that these issues are neither to be discussed nor alluded to before the jury at any time.

THIS, the 30th day of January, 2009.

Respectfully submitted,

LAWRENCE K. BUTCHER AND JENNIFER BUTCHER


BY: /s/ Thomas W. Prewitt
Thomas W. Prewitt (MSB #4489)
THOMAS W. PREWITT, P.A.
Post Office Box 2327
Madison, Mississippi 39130
Tel:   601.427.2327

THEIR ATTORNEY

<u>CERTIFICATE OF SERVICE</u>

I, THOMAS W. PREWITT, do hereby certify that I have electronically filed a true and correct copy of the above and foregoing with the Clerk of the Court using the ECF system which sent electronic notification of such filing to:

>Sherrie L. Moore (smoore@achalaw.com)
>Allen, Vaughn, Cobb & Hood, P.A.
>Post Office Drawer 4108
>Gulfport, Mississippi  39502-4108
>
>Peggy McArthur (pmcarthur@achalaw.com)
>Allen, Vaughn, Cobb & Hood, P.A.
>Post Office Drawer 4108
>Gulfport, Mississippi  39502-4108
>
>David Ott (dott@bnlawfirm.com)
>Bryan Nelson PA
>P.O. Drawer 18109
>Hattiesburg, MS 39404

THIS, the 30th day of January, 2009.

>/s/ Thomas W. Prewitt
>THOMAS W. PREWITT