# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| LAWRENCE K. BUTCHER AND JENNIFER BUTCHER | PLAINTIFFS |
| VERSUS | CIVIL ACTION NO. 1:06cv423KS-MTP |
| ALLSTATE INSURANCE COMPANY | DEFENDANT |
| AND | |
| R. H. CONSTRUCTION, INC. | INTERVENOR |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion for Summary Judgment **[#107/109]** filed on behalf of the defendant. The court, having reviewed the motion, the response, the pleadings and exhibits on file, the briefs of counsel and being otherwise fully advised in the premises finds that the motion should be denied in part and granted in part. The court specifically finds as follows:

## FACTUAL BACKGROUND

This action arises from a fire which occurred in the early morning hours of September 20, 2004, at the Butchers' home located at 78 Salem Road, Picayune, Mississippi. The Butchers moved into this newly completed home in December 2002. However, Jennifer Butcher moved back to Kentucky to take care of her ill father in February 2003. Mrs. Butcher testified that her husband stayed in Picayune to close out his medical practice and moved home to Kentucky in June 2003. After moving back to

Kentucky, the Butchers placed their Picayune home for sale with a number of realtors, but no written offer was ever made for the property.

Allstate discovered the property was vacant and sent a letter to the Butchers on August 31, 2004, advising them that the policy would cancel effective October 11, 2004, due to vacancy. On approximately Friday, September 18, 2004, Dr. Butcher traveled to Picayune with a horse trailer with the stated intention of removing some furniture and clothes and to check on the property after the recent hurricane, Ivan. He arrived at about 8:00 P.M. The Butchers claim that they regularly visited the home every few weeks and still maintained furniture and clothing at the residence along with other personalty.

The next day, Dr. Butcher ran errands and had the yard mowed. That night, after he went to bed, the house caught fire in the early morning hours. Dr. Butcher was at the home alone and had no visitors from the time he arrived on Friday night. He did not observe any open or unlocked windows or doors prior to the fire. He did not hear anyone prior to the fire or hear or see anyone after he was alerted to the fire by smoke detectors and exited the home at approximately 2:00 A.M. Dr. Butcher dialed 911 where he was directed to the Hancock County Sheriff's Department. The Southeast Volunteer Fire Department, which was approximately one mile from the fire, received the alarm at 2:19 A.M.

Allstate had insured the home under a Deluxe Plus Homeowners Policy with stated limits of $953,951.00 in dwelling coverage, $135,395.00 in other structures coverage and $715,464.00 in personal property coverage. A proof of loss was duly filed on October 25, 2004, and a claim for benefits in th amount of $1,049,544.00 was made

under Coverages A and B of the policy. On January 5, 2005, the insureds' Examination Under Oath was taken at their home in Flat Lick, Kentucky. In February 2005 additional documents were requested. Dr. Butcher responded to the request by letter dated February 25, 2005. The Butchers also provided additional responses on April 25, 2005. All of the produced documents were forward to Allstate's forensic accountant who rendered his report on June 3, 2005, concluding that the Butchers were in dire financial straits at the time of the fire.

Randy Bruff, a cause and origin expert with Crawford and Company investigated the fire scene at the request of Allstate on October 25, 2004. Bruff's report indicated that he could not rule out an intentionally set fire so Allstate requested the fire investigation report of the State Fire Marshal. The District Attorney gave his permission and Allstate received the report on February 16, 2005. Allstate received a copy of the Mississippi Crime Laboratory report regarding samples taken during the state investigation on May 31, 2005.

On April 28, 2005, Allstate paid the claim of FNB of Picayune, the mortgagee of the property, in the amount of $594,762.72. The Butchers consented to an assignment being taken since Allstate had not yet made a decision on their underlying claim.

The claim was denied on June 13, 2005, after Allstate concluded that its investigation revealed an incendiary fire, intentional acts of an insured (arson) and breaches of contract regarding material misrepresentations by the insured(s) and failure to produce documents which were material to Allstate's investigation. Following the denial, the Butchers filed suit in the Circuit Court of Hinds County on September 15, 2005. The case was promptly removed by Allstate to the Jackson Division. Seven (7)

days after removal, Allstate moved to have the action transferred to the proper venue, the Southern Division. On November 15, 2005, Allstate's motion was granted. This action was stayed for a period of eight months thereafter while criminal arson charges were pursued against Dr. Butcher, who was ultimately indicted for arson. The criminal prosecution was dismissed upon motion of the District Attorney for a *nolle prosequi* in March 2008.

By this motion, Allstate asks this court to rule that as a matter of law the following claims made by the Butchers must fail: 1) breach of the insurance contract; 2) tortious breach of the insurance contract; 3) breach of the covenant of good faith and fair dealing; 4) malicious prosecution; 5) intentional infliction of emotional distress; 6) negligent infliction of emotional distress; 7) refusal to insure; and 8) claims for punitive damages flowing from the contract and intentional claims alleged against Allstate.

In the alternative, Allstate asks this court to rule that as a matter of law Allstate had a legitimate and arguable basis for denying the Butchers' fire loss claim based on the alleged intentional acts of Dr. Butcher (arson), the alleged intentional misrepresentations and the alleged failure to produce material documents by the Butchers. In addition, Allstate asks this court to find as a matter of law that Allstate's denial was not attended by acts that would entitle the Butchers to recover extra-contractual damages, punitive or otherwise, from or against Allstate.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file,

together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir.

1992).

## **ANALYSIS**

Even though Allstate asks the court to dismiss the plaintiffs' claims for breach of contract, etc. as a matter of law, presumably on the basis that there is no genuine dispute, it moves in the alternative for the court to find that it had a legitimate and arguable reason for denying the claim, thus making it immune from extra-contractual damages, including actual and punitive. As to the latter request, Allstate asserts the novel contention that it is not asking the court to conclude that Dr. Butcher committed civil arson, only that its belief that he did, along with the alleged misrepresentations and omissions by the Butchers, gives it a legitimate reason for denying the claim. The court finds that this approach is unwarranted under the facts of this case and will analyze both the motion and the alternative motion under the well settled standards for civil arson/material misrepresentation/omission case law to decide whether there are genuine issues for trial.

### **Arson**

Under Mississippi law, in order for an insurer to prevail on an arson defense it must prove arson by clear and convincing evidence. *McGory v. Allstate Insurance Company*, 527 So2d. 632 (Miss. 1988). If it relies on circumstantial evidence, it must establish three elements: (1) an incendiary fire; (2) motive of the insured to destroy the property; and (3) evidence that the insured has the opportunity to set the fire or to procure its being set by another. *Id.* at 636. Willful incendiarism by the insured is a

complete bar to recovery. *Id.*

Once again, Allstate points out that it is not requesting that the court enter summary judgment in its favor regarding its claim that Dr. Butcher committed civil arson, only to find that it was reasonable for Allstate to conclude that he did. However, Allstate destroys its own argument when it states that "all three (3) of the necessary elements [incendiary origin, motive and opportunity] have been established to a reasonable degree." "Reasonable degree" is not the standard. Clear and convincing is. Allstate has not met its burden as significant issues of disputed facts remain regarding whether Dr. Butcher committed civil arson. A careful review of the defendant's expert reports only solidifies this conclusion.

## **Misrepresentation/Concealment**

The defendant is correct that a willful concealment of material facts and circumstances during a statement under oath will result in a bar to any recovery under an insurance policy. *Allison v. State Farm Fire & Cas. Co.*, 543 So.2d 661 (Miss. 1989). Likewise, Mississippi law is clear that where a policy requires production of documents in support of a claim, the refusal by the insured to produce pertinent documents material to the loss is a bar to recovery under the policy. *Montecello Insurance Company v. Mooney*, 733 So.2d 802 (Miss. 1999).

Allstate's claims of concealment and misrepresentation rest on its contention that the Butchers failed to produce certain financial documents, filed a false proof of loss for more property than was actually on the premises at the time of the fire, and lied about their financial condition at the time of the fire, among other things. However, a review of

all of the evidence regarding each one of these purported concealments and misrepresentations leads the court to the inescapable conclusion that there remain significant questions of fact as to each of these. Certainly, Allstate has not shown that it is entitled to judgment as a matter of law at this point on any of these defenses.

## **Malicious Prosecution/False Arrest/False Imprisonment**

The plaintiffs have brought claims for malicious prosecution, false arrest and false imprisonment arising from the arrest and indictment of Dr. Butcher by the Pearl River County District Attorney. Plaintiffs contend that the defendant went over and beyond the requirements of a subpoena issued by the district attorney and even later volunteered information that was not requested. Apparently, the plaintiffs believe that Allstate was too zealous in its desire to see Dr. Butcher prosecuted for arson based on its self-interest in avoiding the claim. As stated, the indictment was later dismissed on a *nolle prosequi* motion of the district attorney on the eve of trial in March 2008..

Under Mississippi law, the following elements must be proven to sustain a claim of malicious prosecution: (1) the institution of a criminal proceeding; (2) by, or at the insistence of, the defendant; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause in the institution of the proceedings; (6) the suffering of injury or damages as a result of the prosecution. *Parker v. Mississippi Game and Fish Commission*, 555 So.2d 725, 728 (Miss. 1989). The statute of limitations on this claim is one year and commences the date the charges are dismissed. *See City of Mound Bayou v. Johnson*, 562 So.2d 1212 (Miss. 1990).

There has been no evidence offered that Allstate did anything other than comply

with a state issued subpoena and assist the district attorney by providing documents and evidence in its possession.  Allstate did not institute the proceeding and there has been no showing that it acted with malice.  This claim cannot survive summary judgment.

To prevail on a claim of false arrest/false imprisonment a plaintiff must show that the defendant caused him to be arrested falsely, unlawfully, maliciously and without probable cause.  *See Croft v. Grand Casino Tunica, Inc.*, 910 So.2d 66 (Miss. Ct. App. 2005).  However, this claim accrues from the date of the arrest in September 2006 and a review of this claim shows that the Mississippi one year statute of limitations expired prior to the amendment of the complaint in May 2008, thus this claim is due to be dismissed.  *See,* Miss. Code Ann. § 99-1-7; and *Jimpson v.* State, 532 So.2d 985, 988 (Miss. 1988). This does not preclude the plaintiffs from attempting to proffer proof of Allstate's zealousness if the case reaches the punitive damages phase.

**Alternative Motion for Partial Summary Judgment on Extra-Contractual Damages**

Allstate alternatively seeks partial summary judgment as to the extra-contractual damages claims alleged as Count V, VI and IX of the Amended Complaint.  Under Mississippi law, whether an insurer had an arguable reason to deny an insured's claim, so as to preclude punitive damages, is a question of law for the court, in the first instance.  *Dunn v. State Farm Fire and Cas. Co*, 927 F.2d at 873.  For the plaintiffs to ultimately prevail on their punitive damages claim, they will have to show, through clear and convincing evidence, that Allstate "acted with malice or . . . with gross negligence or reckless disregard for the rights of others."  *Hartford Underwriters Ins. Co. v. Williams*, 936 So. 2d 888, 895 (Miss. 2006); *see also* Miss. Code Ann. § 11-1- 65(1)(a).

If the issue of punitive damages has not been previously decided as a matter of law, the Mississippi statute requires the court to determine whether the issue goes to the jury in a bifurcated procedure. The case is tried on actual damages first. At the conclusion of the case on actual damages, if there is an award of compensatory damages, the court is required to decide whether to submit the punitive issue. Where, as here, there are too many factual issues to determine whether Allstate had a legitimate and arguable reason for denying this claim, the court cannot make the decision as a matter of law prior to hearing the testimony. Thus summary judgment should be denied. The court will revisit this issue prior to submission to the jury, of course, consistent with the Mississippi statute and case law.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant's Motion for Summary Judgment **[#107/109]** is granted as to the plaintiffs' Malicious Prosecution, False Arrest and False Imprisonment claims but is denied in all other respects.

SO ORDERED AND ADJUDGED this the 4th day of February, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE