IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LAWRENCE K. BUTCHER and**
**JENNIFER BUTCHER**                                                                                    **PLAINTIFFS**

**V.**                                                            **CIVIL ACTION NO.: 1:06cv423MTP-KS**

**ALLSTATE INSURANCE COMPANY**                                              **DEFENDANT**

**ALLSTATE'S MEMORANDUM BRIEF REGARDING DETERMINATION OF
POST-JUDGMENT INTEREST AND COURT COSTS**

**COMES NOW** the Defendant, Allstate Insurance Company (hereinafter "Allstate"), by and through counsel of record, and submits this Memorandum Brief regarding the Plaintiffs' request for post-judgment interest and court costs in further support of the position taken by Allstate in its proposed Final Judgment and would show to the Court as follows:

**1. POST-JUDGMENT INTEREST:**

In their proposed final judgment, the Plaintiffs are seeking 8% post-judgment interest pursuant to Mississippi substantive law. Allstate submits that this position is incorrect. Pursuant to this Court's jurisdiction over this matter, post-judgment interest is to be determined in accordance with 28 U.S.C. §1961(a) which provides "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." See *Boston Old Colony Ins. Co. v. Tiner Assocs., Inc.,* 288 F.3d 222, 234

(5th Cir.2002) ("Under 28 U.S.C. §1961(a), in diversity cases, post-judgment interest is calculated at the federal rate, while pre-judgment interest is calculated under state law.") Accordingly, any award of post-judgment interest in excess of the statutorily-allowed post-judgment interest amount provided under federal procedural law would be error.

### 2. COURT COSTS:

In their proposed final judgment, the Plaintiffs seek undefined and undetermined court costs. Pursuant to federal law, can award of costs is discretionary, not mandatory. The Plaintiffs have not submitted a bill of costs in accordance with 28 U.S.C. §1920, which requires that a bill of costs be filed with the clerk in the event that a party seeks to recover court costs. In addition, that statute sets forth those costs that the prevailing party is allowed to submit for discretionary consideration. Further, in accordance with Local Rule 54.2, the Plaintiffs shall have 30 days from the entry of the judgment to submit a bill of costs.

In its proposed final judgment, Allstate reserves the right to oppose to an award of court costs or to object to certain costs enumerated in the bill of costs, once submitted. As mentioned, the federal courts have long held that an award of court costs is discretionary, "[i]t is well established that the district court enjoys discretion in determining who shall bear the costs of litigation and how much of the costs shall be apportioned to a taxed party." *Breeland v. Hide-A-Way Lake, Inc.*, 585 F.2d 716, 722-723 (5th Cir. 1978) citing United States v. Mitchell, 580 F.2d 789, 793-94 (5th Cir. 1978); *In re Nissan Antitrust Litigatio*n, 577 F.2d 910, 918 (5th Cir. 1978); 10 C. Wright & A. Miller, Federal Practice and Procedure s 2668 (1973). Considerations such as whether the losing party acted in good faith are to be considered. Here, there is an ample record

upon which this Court could find that costs should not be awarded to the prevailing party.  As such, Allstate opposes any blanket award of court costs absent compliance with federal procedural rules and considerations.  Allstate further requests that the Court require submission of a bill of costs by Plaintiffs so that Allstate may dispute, if necessary, the request for an award of costs and/or any specific costs submitted by the Plaintiffs and which may not be allowable under the applicable Federal and Local Rule(s).

**WHEREFORE, PREMISES CONSIDERED**, Allstate respectfully requests that this Honorable Court impose post-judgment interest as required by 28 U.S.C. §1961 and not at the Mississippi statutory rate of 8%. Allstate further requests that this Court refuse to award costs to the prevailing party based on the litany of findings at the trial of this cause that Allstate acted in good faith in its handling of the Plaintiffs' claim. Alternatively, Allstate further requests that the Court require submission of a bill of costs in accordance with 28 U.S.C. §1920 and allow Allstate to dispute or otherwise object the request for an award of court costs submitted, if necessary.  Allstate also requests any further relief to which it may be entitled under the facts and applicable law.

**RESPECTFULLY SUBMITTED,** this the 14th day of October, 2009.

**ALLSTATE INSURANCE COMPANY**

BY: *S/ Sherrie L. Moore*
**SHERRIE L. MOORE, MSB #10723**
**MARGARET P. McARTHUR, MSB# 100020**

**ALLEN, COBB, HOOD & ATKINSON, P.A.**
**ONE HANCOCK PLAZA; SUITE 1212**
**P. O. BOX 4108**
**GULFPORT, MS 39502-4108**
**PHONE NO.: (228) 864-4011**
**FACSIMILE NO.: (228) 864-4852**

## CERTIFICATE OF SERVICE

This certifies that undersigned counsel for Allen, Cobb, Hood & Atkinson, P.A. has this day served via hand delivery a true and correct copy of the above and foregoing upon Plaintiffs' counsel having made an appearance in this action.

So certified this the 14th day of October, 2009.

*S/ Sherrie L. Moore*
**SHERRIE L. MOORE**