IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LAWRENCE K. BUTCHER and**
**JENNIFER BUTCHER**                                               **PLAINTIFFS**

**V.**                                **CIVIL ACTION NO.: 1:06cv423MTP-KS**

**ALLSTATE INSURANCE COMPANY**                           **DEFENDANT**

**ALLSTATE'S RULE 50 MOTION TO DISMISS AS A MATTER OF LAW
CLAIMS FOR PREJUDGMENT INTEREST AS TO CERTAIN JURY AWARDS, OR IN
THE ALTERNATIVE TO LIMIT PREJUDGMENT INTEREST FOR DELAYS NOT
ATTRIBUTABLE TO ALLSTATE**

**COMES NOW** the Defendant, Allstate Insurance Company (hereinafter "Allstate"), by and through counsel of record, and moves this Honorable Court for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 and submits this its Motion to Dismiss Claims for Prejudgment Interest as to Certain Jury Awards, or in the Alternative to Limit Prejudgment Interest for Delays Not Attributable to Allstate and in support of said motion, Allstate would show unto the Court the following:

Under Mississippi law, an award of prejudgment interest is in the discretion of the trial judge. *Warwick v. Matheny*, 603 So.2d 330, 342 (Miss. 1992). Further, prejudgment interest is only to be awarded in situations where there are either liquidated damages <u>or</u> there is a bad faith denial of a payment. See *Preferred Risk Mut. Ins. Co. v. Johnson*, 730 So.2d 574, 577 (Miss. 1998). "Liquidated damages are those which are set or determined by the contract when the breach occurred; unliquidated damages are those which have been established 'by a verdict or award but cannot be determined by a fixed formula, so

they are left to the discretion of the judge or jury.'" *Cain v. Cain*, 967 So.2d 654, 664 (Miss. Ct. App. 2007), <u>citing</u> *Moeller v. Am. Guarantee and Liability Ins. Co.,* 812 So.2d 953, 959-960 (Miss. 2002).

The Plaintiffs here have sought prejudgment interest both on contractual and extra-contractual awards based on jury verdicts and seek such interest to be imposed from a variety of dates, all of which are unsupported under Mississippi law and the facts of this case. Prejudgment interest, if awarded, runs from the date of the breach. <u>See</u> *Stockett v. Exxon Corp.*, 312 So.2d 709, 712 (Miss. 1975). Importantly, prejudgment interest is not awarded to "punish the wrongdoer." <u>Id.</u> at 663. "Interest may be denied if 'there is a bona fide dispute as to the amount of damages as well as the responsibility for the liability therefore.'" *Estate of Baxter v. Shaw Assoc., Inc.*, 797 So.2d 396, 403 (Miss. Ct. App. 2001), *citing Thompson Mach. Commerce Corp v. Wallace*, 687 So.2d 149, 152 (Miss. 1997), *quoting Simpson v. State Farm Fire and Cas. Co.*, 564 So.2d 1374, 1380 (Miss. 1990). Prejudgment interest is <u>not</u> mandated. <u>See</u> <u>Liberty Mutual fire Ins. Co. v. Canal Ins. Co.</u>, 177 F.3d 326, 339 (5th Cir. 1999).

Here, the only truly liquidated amount at issue was the dwelling limit under Coverage A, <u>***less***</u> <u>that amount paid by Allstate to First National Bank</u>. Here, Plaintiffs seek pre-judgment interest on the *entire* amount of the dwelling and personal property claims without regard to Allstate's pay-off to the mortgagee and without regard to the bona fide dispute over the Coverage A and C claims. As to the personal property claim amount awarded the Butchers by the jury, Allstate disputed both the amount of the Coverage C claim and claims for items which were attached to the structure and therefore would not be covered under the policy's definitions applicable to Coverage C. In addition, there was ample testimony

at trial regarding same.

Allstate would further submit that the record is replete with the Court's acknowledgements that Allstate was justified in its actions and performed a substantial investigation in good faith and without negligence on the part of anyone at Allstate in the investigation and handling of Plaintiffs' claims. It has been found as a matter of law that Allstate had an arguable reason for denial of the Butchers' claims, and as such the Court should exercise its discretion in denying outright any request for prejudgment interest in any amount. The record during this very long trial reflects that both parties presented adequate support for their positions in this case and that the dispute was nothing more than an ultimate question of coverage and Allstate's assertion of its policy defenses to same. Furthermore and only as an alternative to a denial of the award of prejudgment interest, Allstate would respectfully remind the Court that certain delays during the litigation were not attributable to Allstate and thus the imposition of prejudgment interest against Allstate for those time periods would be punitive in nature and run contrary to the applicable law.

As mentioned, Mississippi law is clear that prejudgment interest runs from the date of breach as found by the jury, i.e., the denial date of June 13, 2005. At various times during this litigation, the Plaintiffs have submitted two separate dates from which the prejudgment interest should be calculated: January 1, 2005 and September 19, 2005. Neither date presented is accurate under Mississippi law. As noted by the Court throughout the trial of this case and as noted by Plaintiffs' counsel in his opening argument, Allstate had a right and a duty to investigate this loss. Allstate did not complete its decision and render a decision on coverage until June 13, 2005. Thereafter, the Plaintiffs did not submit additional information to Allstate in the form of expert opinions claiming Allstate had

reached the wrong conclusion until years after the litigation began, including a supplemental opinion of John Lentini in January, 2009.

Additionally, the Plaintiffs engaged in forum shopping and filed their case in the incorrect venue, Hinds County, Mississippi. This filing resulted in Allstate having to remove the case to federal court on the basis diversity jurisdiction and seek transfer of the matter to the Southern District, Southern Division. The request for transfer of this case was granted November 15, 2005; however, due to reasons outside the control of Allstate, the transfer did not occur April 4, 2006—almost 5 months later. Thereafter, at the request of the Plaintiffs and over the objection of Allstate, this case was stayed for a period of 8 months based on the indictment of Dr. Butcher. Other factors also outside the control of Allstate served to delay this case, such as the intervenor action of R.H. Construction. Mississippi law places the burden of prosecution and moving a case forward with the Plaintiffs who brought the action. See *Davis v. Paepke*, 3 So.3d 131 (Miss. 2009), (denial of prejudgment interest by the trial judge upheld where plaintiff's actions delayed the prosecution of the case).

Alternatively, Allstate submits that it should not be required to pay prejudgment interest during the time delays of this matter that were attributable to the Plaintiffs' request for a stay–over the objection of Allstate–or which delay was otherwise outside the control of Allstate. Any award of prejudgment interest on a purely liquidated amount not in dispute for the 13 months or more that this matter was delayed by Plaintiffs would serve as punishment against Allstate for not paying the claim, which is not the intended purpose of an award of prejudgment interest under Mississippi law.

As previously mentioned, prejudgment interest is not proper in the case of the jury's

award under Coverage C of the policy. On the Plaintiffs' own admission, the contents claim was not determined by the contract. The definition of unliquidated damages is those damages that have to be determined by the discretion of a jury which is precisely what was required for the award of damages for the personal property of the Plaintiffs. As this element of damages was not considered to be liquidated, this Court can only award prejudgment interest if there was a bad faith denial found. This Court has previously found that Allstate had an arguable reason to deny this claim and did not breach the covenant of good faith and fair dealing which is directly opposite of a finding that Allstate acted in bad faith. Accordingly, no prejudgment interest can be awarded for this element of damage. Allstate has previously addressed its position regarding a prejudgment interest award pursuant to the jury's determination regarding the Coverage A amount, less the satisfaction of FNB's interest.

As to the request for prejudgment interest on the emotional distress, i.e., extra-contractual awards to the Butchers as noted in their first proposed Final Judgment, those amounts were not liquidated and as such cannot be considered by this Court in reference to a prejudgment interest award and should be denied.

**WHEREFORE, PREMISES CONSIDERED**, Allstate respectfully requests that this Honorable Court grant judgment as a matter of law pursuant Fed. R. Civ. P. 50 as to Plaintiffs' claims for prejudgment interest. Allstate alternatively requests that this Court grant Allstate judgment as a matter of law on the Plaintiffs' claims for prejudgment interest consisting of that amount under Coverage A which was paid by Allstate to FNB in satisfaction of its contractual obligation to the mortgagee. Allstate further alternatively requests that the Court grant Allstate judgment as a matter of law as to Plaintiffs' claims for

prejudgment interest prior to the date of denial on liquidated claim amounts not in dispute, less that period of time where delays were out of the control of Allstate.

Allstate requests any further relief to which it may be entitled under the facts and applicable law.

**RESPECTFULLY SUBMITTED,** this the 14th day of October, 2009.

**ALLSTATE INSURANCE COMPANY**

**BY:** *S/ Sherrie L. Moore*
**SHERRIE L. MOORE, MSB #10723**
**MARGARET P. McARTHUR, MSB# 100020**

**ALLEN, COBB, HOOD & ATKINSON, P.A.**
**ONE HANCOCK PLAZA; SUITE 1212**
**P. O. BOX 4108**
**GULFPORT, MS 39502-4108**
**PHONE NO.: (228) 864-4011**
**FACSIMILE NO.: (228) 864-4852**

## CERTIFICATE OF SERVICE

This certifies that undersigned counsel for Allen, Cobb, Hood & Atkinson, P.A. has this day served via hand delivery a true and correct copy of the above and foregoing upon Plaintiffs= counsel having made an appearance in this action.

So certified this the 14th day of October, 2009.

*S/ Sherrie L. Moore*
**SHERRIE L. MOORE, MSB #10723**