IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LAWRENCE K. BUTCHER**
**AND JENNIFER BUTCHER**

**VS.**                                          **CIVIL ACTION NO. 1:06cv423-KS-MTP**

**ALLSTATE INSURANCE COMPANY**

## OPINION AND ORDER

This cause is before the Court on Defendant's Motion to Dismiss as a Matter of Law Claims for Prejudgment Interest, Etc. [221],. both sides having submitted memoranda to the court, and hearing oral argument, the Court does find as follows, to-wit:

Plaintiffs Lawrence K. Butcher and Jennifer Butcher ("Butchers") herein filed a Complaint on a contract of insurance against Defendant Allstate Insurance Company ("Allstate"). The Complaint requested damages for total destruction of dwelling and contents and, also, damages for emotional distress/mental anguish. At the conclusion of a ten (10) day trial the Plaintiffs received a jury award of Nine Hundred Fifty Three Thousand Nine Hundred Fifty One and No/100 Dollars ($953,951.00) for the dwelling insurance claim, Ninety Six Thousand Five Hundred Ninety Three and No/100 Dollars ($96,593.00) for the Plaintiffs' personal property claim, and Four Hundred and Fifty Thousand and No/100 Dollars ($450,000.00) (total) on claims for emotional distress/mental anguish. Pursuant to the terms of the contract, the loss payee, First National Bank of Picayune, was paid the amount it was due on a loan secured by the dwelling, including accrued interest. Said payment was Five Hundred Ninety Four Thousand Seven Hundred Sixty Two and 72/100 Dollars ($594,762.72). The bank refunded to the Butchers interest that had been paid by them since the fire on said amount. The

net judgment to which the Butchers are entitled on the dwelling claim is Nine Hundred Fifty Three Thousand Nine Hundred Fifty One and No/100 Dollars ($953,951.00) less Five Hundred Ninety Four Thousand Seven Hundred Sixty Two and 72/100 Dollars ($594,762.72), or a net judgment of Three Hundred Fifty Nine Thousand One Hundred Eighty Eight and 28/100 Dollars ($359,188.28).

The issues before this Court at this time are: (1) should pre-judgment interest on the dwelling loss be assessed and, if so, on what amount and at what rate; (2) whether the Plaintiffs are entitled to pre-judgment interest on the claim for personal property loss and, if so, at what rate; (3) whether the Plaintiffs are entitled to pre-judgment interest on the claims for emotional distress.

*(1)     Entitlement to Pre-judgment Interest on the Dwelling Claim and, if allowed, at what rate and on what amount.*

Interest is payment for not having immediate possession and use of a sum of money to which one is entitled. In Plaintiffs' memo, it is argued that the money became due from Allstate on December 25, 2004, which is sixty (60) days from the date the Proof of Loss was executed, as required under the policy. When Allstate paid First National Bank of Picayune, it paid interest at the rate charged by the bank on the note beginning on the date of loss, September 19, 2004. The loss of the dwelling, which was the subject of the insurance policy, occurred September 19, 2004. However, this Court will accept the Plaintiffs' suggested date of December 25, 2004, as being the date upon which interest calculation should begin.

In the case of a total loss of a dwelling (which is the case before the Court) Mississippi statute requires the payment of the face amount of the policy, which is Nine Hundred Fifty Three

Thousand Nine Hundred Fifty One and No/100 Dollars ($953,951.00).  This amount is liquidated as of the date of the loss and this Court finds that pre-judgment interest should be awarded and should be applied to the net judgment from the date claimed by the Plaintiffs, which is December 25, 2004.  The applicable statute for pre-judgment interest is § 75-17-1 of the Mississippi Code of 1972.  It states: "[t]he legal rate of interest on all notes, accounts and contracts shall be 8% per annum, calculated according to the actuarial method...."  § 75-17-1(1) is the authority for 8% interest that begins no earlier than the date of damages and ends at judgment. § 75-17-7 is the authority for interest, set at a reasonable rate by the trial court that begins no earlier than the filing of suit and continues post-judgment until paid.  This statute is not applicable to the issue before this Court. *Jacob Hartz Seed Company v. Simrall and Simrall*, 807 So. 2d 1271 (Miss. App. 2001).  State law is applicable to the rate of pre-judgment interest. *See also, Federal Savings and Loan v. Texas Real Estate Counselors*, 955 F. 2d 261 (5th Cir. 1992) and *Bartholomew v. CNG Producing Company*, 832 F. 2d 326 (5th Cir. 1987).  The interest per day on the property damage claim is Seventy Eight Dollars and 73/100 ($78.73). The jury verdict was returned on September 25, 2009, or a total of 1,734 days following the December 25, 2004, date the money became payable.  At $78.73 per day, the pre-judgment interest on the property damage claim is One Hundred Thirty Six Thousand Five Hundred Seventeen Dollars and 82/100  ($136,517.82). ($78.73 x 1734 = $136,517.82)

    *(2)    Whether or not the Butchers are entitled to pre-judgment interest on the personal property claim*.

Under coverage "C" of the policy of insurance, it was incumbent upon the Plaintiffs to prove the amount of their loss and that it occurred as a result of a covered peril.  The Plaintiffs

filed a Proof of Loss for the personal property damage and alleged Ninety Six Thousand Five Hundred Ninety Three Dollars and No/100 ($96,593.00) in personal property losses. This amount was hotly disputed by Allstate, but the jury resolved the issue in favor of Plaintiffs.

The jury found for the exact amount of the Proof of Loss. There was a document that stated a liquidated amount and Plaintiffs were entitled to be paid at the time of the loss. The correctness of the claim was confirmed by the jury. The Court finds that Plaintiffs are entitled to prejudgment interest on this claim.

Pursuant to the contract, Plaintiffs were entitled to be paid at the time of the loss. Taking the date claimed by Plaintiffs as being the date the money was due, *i.e.* December 25, 2004, there would be a total of 1,734 days that the money was due pre-judgment. Interest would accrue on this amount at the rate of $21.17 per day, for a total of Thirty Six Thousand Seven Hundred Eight and 78/100 Dollars ($36,708.78) pre-judgment interest on the personal property claim.

(3)   *Would pre-judgment interest accrue on the emotional distress damages.*

This Court finds that interest on personal injuries/emotional damages pre-judgment is not covered by § 75-17-1 of the Mississippi Code of 1972. Pre-judgment interest is only awarded in situations where there are either liquidated damages or there is a bad faith denial of a payment. *Preferred Risk Mutual Insurance Company v. Johnson*, 730 So. 2d 574, 577 (Miss. 1998). Neither is the case here. This Court finds that the emotional distress/mental anguish damages are non-liquidated and pre-judgment interest should not be allowed on said amounts.

(4)   *Issues raised regarding delays.*

Allstate raises the issue of certain delays in this case caused by Plaintiffs. Delays are,

unfortunately, a part of the litigation process. Allstate retained the possession of money that was due to the Plaintiffs during these periods of delay. This Court finds that there should be no reduction in the amount of days of interest due as a result of any delays, whether caused by Allstate or the Plaintiffs.

    SO ORDERED on this, the 22nd day of October, 2009.

                                      *s/Keith Starrett*
                                      UNITED STATES DISTRICT JUDGE