IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LAWRENCE K. BUTCHER and
JENNIFER BUTCHER                                                    PLAINTIFFS

vs.                                              CIVIL ACTION NO.:1:06cv423-KS-MTP

ALLSTATE INSURANCE COMPANY                                          DEFENDANT

---

## FINAL JUDGMENT

---

On the 14th day of September 2009, this cause came on for hearing and the parties announced that they were ready for trial on the merits of the Amended Complaint of Lawrence K. Butcher and Jennifer Butcher.  A Jury of nine persons was selected, accepted and sworn according to law. Then, after hearing all of the evidence on the Amended Complaint, the argument of counsel and having received the instructions of the Court, on September 25, 2009, the Jury returned its answers to Special Interrogatories, and its Verdict. Specifically, the Jury returned Verdicts against Allstate Insurance Company as follows:

1.    A Verdict for the Plaintiffs and against the Defendant in the amount of Nine Hundred Fifty Three Thousand Nine Hundred and Fifty One Dollars ($953,951.00)  for the Plaintiffs' Dwelling Insurance claim;

2.    A Verdict for the Plaintiffs and against the Defendant in the amount of Ninety Six Thousand Five Hundred and Ninety Three Dollars ($96,593.00)  for the Plaintiffs' Personal Property claim;

3.    A Verdict for Jennifer Butcher and against the Defendant in the amount of One Hundred and Fifty Thousand Dollars ($150,000.00) on her Mental Anguish/Emotional Distress claim; and,

4.    A Verdict for L.K. Butcher and against the Defendant in the amount of Three Hundred Thousand Dollars ($300,000.00) for his Mental Anguish/Emotional Distress claim.

The Court examined the Jury's Answers to the Special Interrogatories and the Verdict forms and found them to be in proper order.

Prior to the submission of the general issues to the Jury, upon proper Motion, the Court concluded that the Plaintiffs were entitled to a Judgment as a matter of law on the Defendant's claim that the Butchers had failed to produce documents and information required of them under the terms of the insurance policy. Accordingly, that issue was not submitted to the Jury for determination and the Butchers are entitled to Judgment as a matter of law on those issues.

Also prior to the submission of the general issues to the Jury, upon proper motion, the Court concluded that Allstate was entitled to Judgment as a matter of law on the claims of breach of the covenant of good faith and fair dealing, lack of arguable reason to deny the claim and negligent or inadequate investigation. These issues were not submitted to the Jury and Judgment was granted in favor of Allstate as to those allegations.

On October 1, 2009, that being the first date the parties and the Court were available to do so, the Parties presented evidence and argument to the Court concerning whether the Plaintiffs were entitled to submit their punitive damages claim to the Jury. After considering same, the Court found and concluded that there was insufficient evidence to justify submitting that issue to the Jury and denied the Plaintiffs' claim. The original Jury which had heard and decided the case in chief was available to hear the punitive damage evidence in the event that the Court determined that the Plaintiffs were entitled to submit

2

that issue to the Jury.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that coverage  was in effect on September 19, 2004 at the time of the fire and Allstate shall pay the Butchers and the Butchers shall have Judgment against Allstate for the coverages under that policy including the following:

1. For Lawrence K. Butcher and Jennifer Butcher, the sum of Nine Hundred Fifty Three Thousand Nine Hundred and Fifty One Dollars ($953,951.00) for damage to the dwelling house, less Five Hundred Ninety Four Thousand Seven Hundred Sixty Two and 72/100 Dollars ($594,762.72) previously paid, or a net judgment of Three Hundred Fifty Nine Thousand One Hundred Eighty Eight and 28/100 Dollars ($359,188.28) for damage to the dwelling house; and

2. For Lawrence K. Butcher and Jennifer Butcher, the sum of Ninety Six Thousand Five Hundred and Ninety Three Dollars ($96,593.00) for damage to personal property.

IT IS FURTHER ORDERED, that the Butchers shall have Judgment against Allstate Insurance Company for Pre-judgment  Interest at the rate of 8% per annum from and after December 25, 2004 (which is 60 days after the Proof of Loss was executed) on the property damage claim in the amount of One Hundred Thirty Six Thousand Five Hundred Seventeen Dollars and 82/100 ($136,517.82), ($78.73 per day for 1,734 days) and on the personal property claim in the amount of Thirty Six  Thousand Seven Hundred Eight and 78/100 Dollars ($36,708.78), ($21.17 per day for 1,734 days) for a total pre-judgment interest of One Hundred Seventy Three Thousand Two Hundred Twenty Six and 60/100 Dollars ($173,226.60). However, in any event, the amount of mortgage interest paid by the Butchers between the date of the fire and the date of the payment by Allstate and assignment on April 28, 2005 shall be reimbursed to the Butchers by Allstate, if same has not been previously reimbursed by the bank.

3

IT IS THEREFORE, ORDERED AND ADJUDGED that Jennifer Butcher and Lawrence K. Butcher are also granted Judgment against Allstate as follows for their Mental Anguish and Emotional Distress:

1.    For Jennifer Butcher, the sum of One Hundred and Fifty Thousand Dollars ($150,000.00); and,

2.    For Lawrence K. Butcher, the sum of Three Hundred Thousand Dollars ($300,000.00).

IT IS FURTHER ORDERED that interest on the total Judgment in the amount of One Million Seventy Nine Thousand Seven and 80/100 Dollars ($1,079,007.80) shall accrue at the rate of 0.35% per annum until paid.

IT IS FURTHER ORDERED that the Butchers shall recover from Allstate their costs as may be taxed.

At the conclusion of the hearing on Punitive Damages, the parties announced their desire to submit the issue of recovery for Attorney's Fees to the Court after the entry of the Judgment and the Court agreed to this procedure. Accordingly, the Court retains jurisdiction to hear and decide the issue of attorney's fees following briefing. That attorney's fee issue will be submitted by Affidavit and Briefs, with the Plaintiffs' Brief to be due twenty (20) days from November 2, 2009, or November 23, 2009. The Defendant's Reply Brief is to be due ten (10) days following the due date of Plaintiffs' Brief and the Plaintiffs may submit a Reply five (5) days following said due date. The Court specifically retains jurisdiction to modify this Judgment as appropriate to award Attorney Fees if same is granted.

For all of which let execution issue.

SO ORDERED AND ADJUDGED  THIS, the 2nd day of November, 2009,

*Nunc Pro Tunc* to the 25th of September, 2009.

s/Keith Starrett
UNITED STATES DISTRICT JUDGE