**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**LAWRENCE K. BUTCHER and
JENNIFER BUTCHER**                                                                  **PLAINTIFFS**

**vs.**                                               **CIVIL ACTION NO. 1:06CV0423-KS-MTP**

**ALLSTATE INSURANCE COMPANY**                                       **DEFENDANT**

**MEMORANDUM IN SUPPORT OF BUTCHERS'
RESPONSE TO ALLSTATE'S POST TRIAL MOTION CONCERNING
<u>EMOTIONAL DISTRESS DAMAGES</u>**

COME NOW, Lawrence K. Butcher and Jennifer Butcher ["the Butchers" or "the Plaintiffs"] and file this Memorandum in Support of the Butchers' Response to Allstate's Post Trial Motion Concerning Emotional Distress Damages [Doc. 227], and in support say:

<u>**INTRODUCTION**</u>

Allstate announced several times before and during the trial that it intended to appeal the Court's ruling that the Butchers were entitled to attempt to prove they actually experienced mental anguish/emotional distress damages as a foreseeable consequence of Allstate's breach of the insurance policy, ie; the contract. Allstate's Motion is then nothing more than a continuation of that program intent. It is not a new idea uncovered in the library nor does it herald the arrival of new evidence; consequently, it is misapplication of the Rule under which Allstate seeks relief.

"A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the

judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003). Further, it "is not the proper vehicle for rehashing evidence, legal theories, or arguments." *Knight v. Kellogg Brown & Root Inc.*, 2009 WL 1471788 (5th Cir. 2009). Allstate has not presented nor even attempted to present new evidence. Neither has it established a manifest error of law! In fact, at Allstate's urging, the Court has addressed this issue several times and has concluded that the award of this type of damages which were experienced by the Butchers was proper.

Persistence is admirable; yet here it is a virtue spent on a losing cause since Mississippi law now authorizes an insured to recover these types of damages not withstanding the existence of an arguable basis for denying the claim.[1] Such an exception does not exist!

1. ***University of Southern Miss. v. Williams* raised the curtains**

Although both the Supreme Court and the Court of Appeals, as the crowd gathered, had previously peeked through the curtains, the curtain was finally raised on the issue of a party's entitlement to emotional distress damages for ordinary breach of contract cases. In *University of Southern Mississippi v. Williams*, 891 So. 2d 160 (Miss. 2005) the Supreme Court concluded:

> We take this opportunity to clarify the burden for recovery of mental anguish and emotional distress in breach of contract actions. Plaintiffs may recover such damages without proof of a physical manifestation. *Adams v. U.S. Homecrafters, Inc.*, 744 So. 2d 736, 743 (Miss. 1999). Furthermore, expert

---

[1] The Butchers disagree with the determination that Allstate had an arguable reason for denying their claim but that is an issue to be addressed elsewhere in depth. Accordingly, they do not intend here to do more than note the existence of that issue.

2

> testimony showing actual harm to prove mental injury is not always required. *Gamble v. Dollar Gen. Corp.*, 852 So. 2d 5, 11 (Miss. 2003). However, the plaintiff must show (1) that mental anguish was a foreseeable consequence of the particular breach of contract, and (2) that he or she actually suffered mental anguish.

*Williams*, 891 So. 2d at 172-73.

The *Williams* court noted, "[Plaintiff's] right to recover damages from [defendant] for mental anguish and emotional distress springs only from the breach of contract, not from the tortious conduct of [defendant]". *Williams*, 891 So. 2d at 174. [Emphasis supplied]

"[U]nderstanding the nature of the incident is essential in establishing whether emotional distress is foreseeable." *Williams*, 891 So. 2d at 173. *Williams* requires an examination of the 'nature of the incident' which allegedly caused the emotional distress and mental anguish in order to determine both foreseeability and whether plaintiffs actually suffered mental anguish. Testimony by the Butchers of Allstate's actions, or inaction was essential to the jury's determination of not only the breach of contract but actual and foreseeable emotional distress as well. When Allstate denied the claim it was pretty dog gone clear that the Butchers would be devastated, and then to accuse Dr. Butcher of arson and both of the Butchers of fraud and under oath produced the anguish that Allstate had to know would result. In fact, Mr. Jordan candidly admitted to that in the first trial and reluctantly in the second.

The jury instruction # C-17 properly outlined the *Williams'* requirements:

> Before you may consider the next claim presented by the Butcher, you must first have determined following the instructions given on that point that Allstate wrongfully denied the Butchers' claim for payment under the insurance contract.

> If you have, then you may next consider the Butchers' claim for mental anguish and emotion distress. To recover damage for such mental anguish or emotional distress, if any, the Butchers must prove by a preponderance of the evidence that the mental anguish was, one, a foreseeable consequence of Allstate's breach of the insurance contract.

*Jury Instruction* C -17 (second trial).

The burden was on the Butchers to prove those. They did and won and Allstate lost on all counts.

Additionally, the Court recognized that mere generalizations that the Butchers had experienced mental anguish were insufficient and instructed the Jury that "[b]ecause actual suffering entails more than a generalization . . ., the Butchers must show specific suffering during a specific time frame to recover damages for mental anguish." *Jury Instruction* C -17 (second trial). There was plenty of evidence from the Butchers themselves upon which the Jury could rely in and the Butchers produced three out of town witnesses to present their own eyeball testimony of the demonstrable effect of those actions on the Butchers.

After hearing evidence from both parties, the jury conclusively determined that the Butchers satisfied the heavy burden *Williams* imposed and found that the Butchers' emotional distress was both foreseeable and actual and was proximately caused by Allstate.

The history leading up to raising the curtain is discussed fully in the *Williams* opinion itself in which the Supreme Court acknowledged that the law had been moving in that direction for some time. The Court made clear that in an ordinary breach of contract cases an award for emotional distress is proper, when the preconditions have been satisfied by a preponderance of the evidence.

There is no implication in the opinion which was obviously carefully crafted, that the Supreme Court did not intend this pronouncement to fit all types of ordinary breach of contract cases and that subsequent trial courts could cut away at the very principles established by the Court.  There is absolutely no hint that insurance cases are shielded from its application. Thus, Allstate's attempt to carve out an exception for insurance companies with an arguable basis for denying a claim simply because the Court did not expressly state that such an exception did not exist is nothing more than an attempt to rewrite the opinion and to gloss over Court's announced intent to finally mark out the trail to an award of emotional damages in all breach of contract cases, including the breach of an insurance contract.

    2. ***Morris Newspaper Corp. v. Allen* is an addendum to the play bill**

The Court of Appeals, given the chance to evaluate *Williams* moments after it was decided, refused to read any limitation into the application of the *Williams* pronouncement. In fact, after giving the parties the opportunity to evaluate and brief *Williams*, the Court of Appeals agreed that: "In accordance with *Williams*, [the plaintiff] must show the mental anguish was a foreseeable consequence of the particular breach of contract and that [plaintiff] actually suffered mental anguish as a result of the breach." *Morris Newspaper Corp. v. Allen*, 932 So. 2d 810, 819 (2005). Here, the Butchers did just that!

The *Morris* court did not carve out any exception for insurance companies or any other industry for that matter. It simply applied the law as clarified under the *Williams* decision.

The *Williams* court squarely addressed and resolved the issue that had long been the focus of speculation by Mississippi courts, ie, the necessary requirements for the recovery of emotional damages in breach of contract cases. The Court of Appeals in *Morris* had the opportunity to enlarge or to comment on the principle enunciated by *Williams* but did not do so. It reiterated, without soft pedaling, the issue expressed to the audience.

This Court has also done so and was correct in so doing.

While Allstate cites to some opinions that differ from *Williams* and *Morris*, it fails to note, with the exception of *Guideone Mutual Ins. Co. v. Rock*, 2009 WL 2252204 (N.D. Miss 2009), that those decisions <u>predate</u> *Williams*! (Emphasis Supplied). Many of those opinions were the crux of conflict the *Williams* court addressed and clarified.

### 3. ***Guideone* is not a guide at all**

*Guideone* is neither precedent binding on this Court, nor is it a correct expression of Mississippi law. While *Guideone* does address the existence of an 'arguable basis', the Court's discussion is aimed at the recovery of punitive damages absent an arguable basis. Judge Aycock does note that an intermediate level of extra-contractual damages might be available where there is no arguable basis for the denial. See *Guideone*, 2009 WL 2252204, *2. ("However, a lesser measure of consequential damages-damages beyond the mere proceeds of the contract may be available to an insured even if punitive damages are not.") Support for this position, and that of Allstate in the instant case, relies on cases decided years before *Williams*. <u>Of extraordinary significance is the fact *Guideone* neither mentions nor evaluates *Williams* nor *Morris*.</u> (Emphasis Supplied). Thus, Allstate should

not be citing *Guideone* as precedent! The opinion simply does not address the latest pronouncements from the Mississippi Supreme Court and the Court of Appeals expressing this principle as the proper law in Mississippi.

With such a clear expression of the application of Mississippi law in both *Williams* and *Morris*, we submit that Allstate's reliance on *Guideone Mutual Ins. Co. v. Rock*, 2009 WL 2252204 (N.D. Miss 2009) is misplaced and *Guideone's* decision to rely upon the law as it once was and by so doing carve out an exception for a single industry is not the correct application of Mississippi law.  Neither Allstate nor the *Guideone* court have provided any post *Williams* precedent contrary to *Williams* which might support the theory that insurance companies are not liable for actual and foreseeable mental anguish caused by their breach of contract.  It doesn't take much, as Allstate does, to rely upon law as it used to be and to avoid the law as it stands today, but that posture can not carry the day.

## **CONCLUSION**

Because Allstate has not presented any new evidence, nor shown a manifest error or law, relief under Rule 59(e) is improper. Allstate's motion is merely an attempt to take another swing at the ball which has already called the third strike.

*Williams* is the controlling law in Mississippi and this Court has correctly applied the requirements outlined by the Mississippi Supreme Court.  The Butchers were required to show not only that Allstate breached the contract, but that it was foreseeable the Butchers would suffer actual emotional distress and that they did actually suffer and experience that type of damages  and that the breach was the proximate cause of the Butchers' emotional distress.  They did so.  The jury agreed with the Butchers.

Allstate's sole position of support comes from *Guideone.*- a case which itself fails to address the clarification to the Mississippi law concerning emotional damages in breach of contract cases. Because of the holding provided by *Williams*, the law is now clear - plaintiffs may recover damages for emotional distress and mental anguish in breach of contract cases provided such damages are both actual and foreseeable. In this case the jury has determined the Butchers met the standards set out by the law and compensated them accordingly.

The decisions are not exposed for second guessing and should be interpreted as written. The trial Court was and is correct and the motion should be denied.

WHEREFORE, the Butchers respectfully as this Court to deny Allstate's motion to alter or amend final judgement with regards to emotional distress and mental anguish.

Respectfully submitted,

/s/ Thomas W. Prewitt
Thomas W. Prewitt
Mississippi Bar no. 4489
7720 Old Canton Road, Suite A
Madison, Mississippi 39110
(601) 427-2327

Richard P. Schiller
SCHILLER OSBOURN BARNES & MALONEY, PLLC
1600 One Riverfront Plaza
401 West Main Street
Louisville, Kentucky 40202
(502) 583-4777

Wesley C. Cooper
Mississippi Bar No. 103226
7720 Old Canton Road, Suite A
Madison, Mississippi 39110
(601) 427-2327

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This certifies that the undersigned counsel, THOMAS W. PREWITT, have this day served via the Court's ECF system, a true and correct copy of the above and foregoing ***Memorandum in Support of Butchers' Response to Allstate's Post Trial Motion Concerning Emotional Distress Damages*** upon Defendant's counsel having made an appearance in this action.

> Hon. Sherrie L. Moore (smoore@achalaw.com)
> Hon. Peggy McArthur (pmcarthur@achalaw.com)
> Allen, Vaughn, Cobb & Hood, P.A.
> Post Office Drawer 4108
> Gulfport, Mississippi 39502-4108
> **Counsel for Defendants**

THIS, the 2nd day of December, 2009.

>                    /s/ Thomas W. Prewitt
>                    THOMAS W. PREWITT