IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LAWRENCE K. BUTCHER
AND JENNIFER BUTCHER

VS.                                                    CIVIL ACTION NO. 1:06cv423-KS-MTP

ALLSTATE INSURANCE COMPANY

ORDER

This cause is before the Court on Plaintiff's Motion for Relief Under Rule 60(a) to Modify the Final Judgment Relating to Calculation of Interest [225], Response thereto by Defendant, and the Court considering same and the applicable law does hereby find as follows:

*__The entry date of the Judgment nunc pro tunc to the date of the jury verdict.__*

The Plaintiffs argue that the date of the entry of the Final Judgment, which was November 2, 2009, is the date to end the calculation of the prejudgment interest. This Court has determined that prejudgment interest is appropriate at the rate stated in the applicable state statute, which is Miss. Code Ann. § 75-17-1, which provides for 8% prejudgment interest. The Court has used this figure to calculate the prejudgment interest.

The Plaintiffs argue that the delay in actually entering the judgment of approximately thirty (30) days should cause the prejudgment interest to run through the date of the actual entry of the judgment. No case authority has been cited by either side on this point. This case has gone on a long time. The longest delay was because this civil case was stayed as a result of a criminal charge pending against one of the Plaintiffs. There was also a mistrial in this case, which delayed the entry of the final judgment. There is a significant difference in the prejudgment rate of interest and the post judgment rate of interest, which this Court as hereinafter stated finds to be .40%. Therefore, interest would run for the period of September 25, 2009, through November 2, 2009, at the rate of either 8% per annum or .4% per annum. This Court has determined that the date that the

amount was liquidated by the jury verdict, which was September 25, 2009, is the date that cuts off the running of prejudgment interest. This is irrespective of the fact that the written document was not entered until November 2, 2009. Post judgment interest will run from September 25, 2009, the date of the jury's verdict.

### *The prejudgment interest should be calculated at 8% compounded annually.*

The Plaintiffs argue that the Court erred in calculating interest at 8% and not compounding it annually. The statute relating to prejudgment interest, § 75-17-1 Miss. Code Ann. (1972), does not speak to compounding, but says that prejudgment interest should be calculated according to the actuarial method. The actuarial method is defined by Black's Law Dictionary as being, "a means of determining the amount of interest on a loan by using the loan's annual percentage rate to separately calculate the finance charge for each payment method, after crediting each payment, which is credited first to interest and then to principal." Black's Law Dictionary, 9th Ed. (2009). The Mississippi Statute does not require interest to be compounded annually. The Plaintiff cites *Stovall v. Illinois Central Gulf Railroad Company*, 722 F.2d 190, 192 (5th Cir. 1994) as authority, but in the *Stovall* case the 5th Circuit made an *Erie* guess as to the state court's interpretation of the "actuarial method" language in § 75-17-1. The actuarial method does not require compounding annually. Additionally, this Court finds that the other statute regarding interest in Mississippi, § 75-17-7, leaves discretion with the trial judge regarding calculation of interest. While the lack of compounding complained of herein is for prejudgment interest, this Court chooses to follow closely the statute which does not provide for compounding prejudgment interest.

### *The post judgment interest rate should be recalculated*.

This Court has reviewed the determination made as to the post judgment rate of interest. The Court set the rate at .35 % per annum, and the Plaintiff argues that it should be .39 %. Upon further review, this Court finds that the post judgment interest rate set for 28 U.S.C. § 1961 should

be equal to the "weekly average one year constant maturity treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."

In looking at the historical data for twelve month treasury constant maturities, the week ending September 18, 2009, which is the week preceding the date of the Judgment, the rate of .40 % is called for, and this Court finds that the post judgment interest should be calculated at the rate of .40 % per annum and shall be compounded annually pursuant to 28 U.S.C. § 1961(b).

### *There seems to be small math errors in the Final Judgment as entered.*

The amount of interest should be the amount of interest and it should be calculated. However, methods of rounding in calculations sometimes make small differences. The Plaintiff claims that there is an error in the Court's calculations totaling approximately $10.00. This Court finds that the calculations apparently resulted from different rounding techniques, is de minimis and the Court finds that there should be no change in the amount of the judgment entered.

### *Conclusion*

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion for Relief Under Rule 60(a) to Modify the Final Judgment Relating to Calculating of Interest [225], be and the same is hereby **denied** except that the rate of interest post judgment is modified to be .40 % to be compounded annually from date of entry, which was September 25, 2009. All other terms and conditions of the prior judgment are to remain in full force and effect.

SO ORDERED this, the 21st day of January, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE