IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LAWRENCE K. BUTCHER
AND JENNIFER BUTCHER

VS.                                    CIVIL ACTION NO. 1:06cv423-KS-MTP

ALLSTATE INSURANCE COMPANY

ORDER ON ALLSTATE'S MOTION FOR RELIEF FROM
JUDGMENT REGARDING PREJUDGMENT INTEREST [229]

This cause is before the Court on Motion for Relief From Judgment Regarding Prejudgment Interest [229] filed by Allstate, Memorandum in Support thereof, Response thereto [238] and Reply by Allstate [246], and the Court after considering same finds that the motion is not well taken and should be **denied** for the following reasons.

By its verdict, the jury spoke and stated that Allstate Insurance company ("Allstate") breached the contract of insurance that it had with Lawrence K. Butcher and Jennifer Butcher ("the Butchers") and this Court found that pursuant to applicable statute, that a party is entitled to prejudgment interest for a breach of contract. The issue has arisen as to when the breach occurred, which would be the date to begin the running of prejudgment interest.

When Allstate paid First National Bank, the loss payee, interest was calculated from the date of the loss, which was September 20, 2004. Allstate states that interest should be calculated beginning from the date Allstate denied payment of the claim which was June 13, 2005. The Butchers claim that prejudgment interest should begin accruing sixty (60) days following the submission of the proof of loss by the Butchers, which was submitted on October 26, 2004.

In its brief Allstate quotes paragraph 6 from the policy which states:

> Our Settlement of Loss
>
> We will settle any covered loss with you unless another payee is named in the policy. We will settle within sixty days after the amount of loss is finally determined. This amount may be determined by an agreement between you and us, an appraisal award or a court judgment. *See* policy, Exhibit 1 to Document 229 at Page 17.

Interest is owed by Allstate and Allstate does not seriously contest this fact. Interest on a policy the size of the one in question amounts to a significant sum. It is to Allstate's benefit to delay payment of the claim and it is to the Butcher's benefit to have the claim paid timely, so some method of calculating the due date should be established. If Paragraph 6 of the policy as stated above is taken literally, Allstate could wait and not pay the claim until sixty days after judgment has been rendered. This is certainly not proper. While significant investigation was called for under the facts in this case, Allstate cannot delay its investigation indefinitely. To delay gives Allstate the time value of the money and takes same away from the Butchers.

Neither side has submitted any case law exactly on point. This Court could have started the running of interest on the date of the loss, which was September 20, 2004. The Butchers, in their submissions, conceded that the interest should not begin to run until sixty days after the filing of the proof of claim by the Butchers. This Court made the call that the Butchers' request for interest from sixty days after the date the proof of claim was filed is reasonable and comports with policy language and finds that the motion filed by Allstate be and the same is hereby **denied**.

SO ORDERED on this, the 21st day of January, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE