IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LAWRENCE K. BUTCHER
AND JENNIFER BUTCHER

VS.                                         CIVIL ACTION NO: 1:06cv423-KS-MTP

ALLSTATE INSURANCE COMPANY

ORDER DENYING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

This cause is before the Court on Plaintiffs' Motion for Attorney's Fees [235], Response thereto by Allstate [255], and Reply by Plaintiffs [257], and the Court considering the submissions, the record in this case and applicable law, finds that the motion for attorney's fees should be **denied** for the following reasons.

The factual background in this case is long and voluminous and the Court will not recite all of the facts, but will simply state the basics necessary for this ruling.

1. Lawrence K. Butcher and Jennifer Butcher ("Plaintiffs") purchased a policy of insurance from Allstate insuring their dwelling in Pearl River County, Mississippi.

2. Following a fire and total loss of the premises, a proper claim was filed.

3. Allstate conducted an investigation of the fire that went on over a period of approximately six months.

4. Following the lengthy investigation, Allstate denied the Plaintiffs' claim based on certain policy violations and that Allstate believed that the Plaintiffs perpetrated the fire.

1

5. Protracted and significant litigation occurred when the Plaintiffs filed suit for breach of contract. Throughout this Court's involvement in this litigation, the Court ruled as follows:

  A. That Allstate was not negligent in its investigation of Plaintiffs' claims;

  B. That Allstate did not breach its duty of good faith and fair dealing;

  C. That an arguable reason to deny the claim existed; and

  D. That Allstate did not act with willful and wanton behavior or reckless disregard for plaintiffs so as to warrant punitive damages.

6. Following two trials (one resulting in a mistrial) the Court entered judgment on jury a jury verdict in favor of the Plaintiffs.

## APPLICABLE LAW

The law in Mississippi is that absent a finding that an insurer lacked an arguable reason to deny a claim or that the insurer acted willfully or wantonly in denying the claim, that attorney's fees are not generally recoverable, absent statutory authority or a contractual obligation. *Mississippi Power v. Hanson*, 905 So. 2d 541, 542 (Miss. 2005), *Essinger v. Liberty Mutual Fire Insurance Company*, 534 F. 3d 450.

The parties have thoroughly set forth in the their briefing the applicable case law and in view of this Court's previous findings, the Court has determined that Mississippi law does not allow attorney's fees in this case. The Plaintiffs failed to make out a claim for punitive damages, breach by Allstate of it's duty of good faith and fair dealing, negligence by Allstate in its investigation, or that Allstate lacked an arguable reason to deny the claim. The Court, in numerous rulings throughout this litigation, made findings that established same.

Plaintiffs additionally make a pubic policy argument that attorney's fees should be allowed to make the Plaintiffs whole, in that it was necessary for them to incur the attorney's fees and the pursue the litigation in order to have Allstate found to have breached the contract.

It is obvious to all that the Butchers spent substantial sums on this litigation. This Court has no reason to dispute the time sheets and expense charges submitted by the Plaintiffs' attorneys, and no substantial reasons have been advocated by Allstate to challenge the reasonableness and necessity of the attorney's fees and costs. The Plaintiffs would have never recovered on their policy without the expenditures. The Plaintiffs are obviously not "whole" because their recovery on the policy was reduced by the amount of attorney's fees necessarily expended to recover same. Mississippi courts have recognized this fact but have not ordered attorney's fees when punitive damages, negligence, breach of duty of good faith and fair dealing, and absence of an arguable reason to deny the claim have not been found.

This Court has attempted to strictly apply Mississippi law in this case and a public policy award of attorney's fees is not the law in Mississippi. Maybe it should be or maybe the legislature should address this and statutorily amend what damages are recoverable in insurance claims, but this has not been done. In this case, Allstate believed that there were violations of the policy that justified a denial of coverage and that the Plaintiffs burned or procured the burning of their home. There was an immense amount of testimony and investigation by both sides. The Plaintiffs disputed Allstate's reasoning and basis for denying the claim and we have had this significant litigation to resolve the dispute. This Court has previously found that Allstate had an arguable reason to deny the claim and the Plaintiffs believe that they did not. This was simply a dispute as to what the facts of the investigation revealed. The jury resolved the case in favor of

3

the Plaintiffs and this Court has upheld the jury verdict in post trial motions. This Court chooses not to read a pubic policy reason into Mississippi law and require attorney's fees.

## APPLICATION OF THE LITIGATION ACCOUNTABILITY ACT

The Litigation Accountability Act is not applicable to this case. The reasons stated above establish that Allstate could not be found to have had "no hope of success." Allstate was incorrect on its evaluation and the jury found for the Plaintiffs, but this does not create an action for violation of the Litigation Accountability Act.

For the reasons above described, this Court finds that the Plaintiffs' Motion for Attorney's Fees should be and is hereby **denied.**

SO ORDERED on this, the 5th day of February, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE