# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

LAWRENCE K. BUTCHER AND
JENNIFER BUTCHER                                                                PLAINTIFFS

VERSUS                                                  CIVIL ACTION NO. 1:06cv423KS-MTP

ALLSTATE INSURANCE COMPANY                                                       DEFENDANT


## ORDER ON TAXATION OF COSTS

This matter is before the court on a Motion to Review Clerk's Taxation of Costs **[#239]**. The court has reviewed the Motion filed by the defendant and the Bill of Costs submitted by the plaintiffs. After careful consideration of the matter, the court finds as follows, to wit:

The plaintiffs are seeking costs incurred during the entire case, including the first trial which ended in a mistrial. Rule 54 of the Federal Rules of Civil Procedure provides that the prevailing party shall be entitled to recover his costs. That Rule specifically states:

> Except when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . ..

Rule 54(d)(1), Fed.R.Civ.P.

The costs which can be imposed under Rule 54 are defined by 28 U.S.C. § 1920 which provides:

> A judge or clerk of any court of the United States may tax as costs the following:

(1) fees of the clerk and marshal;

(2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) fees and disbursements for printing and witnesses;

(4) fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) docket fees under § 1923 of this title;

(6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

The plaintiffs have filed a Bill of Costs totaling $17,190.72 with $5,457.09 of that amount categorized as "other costs."  The plaintiffs have filed detailed billing statements and receipts for the payment of the itemized costs and appropriate affidavits supporting all submissions.  The plaintiffs have provided sufficient justification and documentation to support the reasonableness and necessity of all of the costs requested, except as hereinafter disallowed, including those incurred in the first trial.

The court will therefore only briefly review each item of the Bill of Costs and state what is properly taxable under § 1920.  This court notes that "courts are not accountants and [parties] should not be tagged with either costs or expense bills that are horseback estimates.  Those who are entitled to recover costs and expenses bear the burden of furnishing a reasonable accounting."  *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F. 2d 1087, 1099 (5th Cir. 1982), overruled on other grounds, *International Woodworkers of America, AFL-CIO and its Local No. 5-376 v. Champion Intern. Corp.* 790 F.2d 1174 (5th Cir. 1986).  The plaintiffs have amply complied with this admonition.

Fees for service of summons and subpoenas are generally an allowable costs

and a review of the subpoenas served in this case leads the court to the conclusion that such are properly allowable in this matter in the amount of $463.45.  Likewise, fees of the clerk are generally allowable and the plaintiffs are awarded $350.00 as costs for payment to the clerk of court for the filing fee and $20.00 as a docket fee.

The next category is fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case.  The plaintiffs have itemized costs of $4,733.71 for this category.  Under the itemization supporting this category, the plaintiffs set out the costs of depositions for the witnesses deposed to prepare and present the case and one copy of the transcript of the first tirial.

The cost of original depositions are usually recoverable by the prevailing party. As the Fifth Circuit has stated, "the more equitable as well as more practical view is to allow the recovery of such expense if the taking of the deposition is shown to have been reasonably necessary in the light of facts known to the counsel at the time it was taken." *Copper Liquor*, 684 F.2d at 1099.  A separate panel of the Fifth Circuit has held that "the cost of the original deposition is taxable without any factual findings." *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.,* 713 F. 2d 128, 133 (5th Cir. 1983).

Section 1920 specifically provides for the recovery of costs for "any part of the stenographic transcript necessarily obtained for use in the case."  The Fifth Circuit has held that, "[c]osts related to the taking of depositions and the copying of documents are allowed if the materials were necessarily obtained for use in the case."  *Stearns Airport Equipment Co., Inc. v. FMC Corp.*, 170 F.3d 518,536 (5th Cir. 1999).  Further, "it is not required that a deposition actually be introduced in evidence for it to be necessary for a

3

case-as long as there is a reasonable expectation that the deposition may be used for trial preparation, it may be included in costs." *Id.* (*citing Fogleman v. ARAMCO,* 920 F.2d 278, 285-86 (5th Cir.1991)).

There must be some showing that the taking of a particular deposition was reasonably necessary at the time it was taken for the cost of the original deposition to be properly taxable as part of cost of the action. The plaintiffs have amply offered the necessary showing as to why the depositions were utilized and why they were reasonably necessary and what they were ultimately used for. The same is true of the first trial transcript. The plaintiffs are awarded $4,733.71 for this item of costs.

The next category of requested cost is fees for expert witnesses which is itemized and appended as a part of the plaintiffs' Bill of Costs in the amount of $5,5778.10. Witness fees are governed by 28 U.S.C. § 1821. In explaining the interrelation of Fed.R.Civ.P. 54(d)(1) (relating to costs other than attorneys' fees), 28 U.S.C. § 1920 (listing "costs" that may be taxed by a federal court), and 28 U.S.C. § 1821 (authorizing *per diem* and travel expenses for witnesses), the Supreme Court has held "that when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 438, 107 S.Ct. 2494, 2496, 96 L.Ed.2d 385 (1987).[1] Thus, expert witness fees in

---

[1] The wording of Rule 54(d)(1) has been slightly amended since *Crawford*. Compare Fed.R.Civ.P. 54(d)(1) (2001) with *Crawford*, 107 S.Ct. at 2497. But the operative language remains substantially the same in pertinent part. In relevant part, current Rule 54(d)(1) reads: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The *Crawford* Court explained that § 1920 defines "costs" as used in Rule 54(d)(1) and enumerates the expenses that a federal court may tax as costs. *Crawford*, 107 S.Ct. at 2497. Section 1920 permits compensation for expert witnesses only when those witnesses are appointed by the court.

excess of the standard witness *per diem* and travel allowances cannot be taxed as costs unless there is a specific statutory provision which allows such. *See also Leroy v. Houston*, 831 F.2d 576, 584 (5th Cir.1987). The plaintiffs have properly requested authorized witness fees and *per diem* allowances as well as related travel expenses for its witnesses and are awarded $5,578.10 as costs.

The next item for which the plaintiffs seek to recover costs for is "fees for exemplification and copies of the papers necessarily obtained for use in the case" in the amount of $588.37 which is itemized and appended to the plaintiffs' Bill of Costs. These costs are specifically provided for by § 1920 to the extent that they were necessary for preparation of the case. The court awards costs for this category in the amount of $588.37.

Finally, the plaintiffs assert that they are entitled to the sum of $5,457.09 as costs related to common carriers for airline tickets and parking fees for witnesses and for mediation costs and conference calls.

A witness who travels by common carrier is required to "utilize a common carrier at the most economical rate reasonably available." 28 U.S.C.A. §1821(c)(1). The defendants disagree with the cost of certain of these expenses as being too high, but the court concludes that the plaintiffs have adequately supported this request and are awarded the sum of $4,950.59 for common carrier costs and $51.00 for parking fees.

However, the plaintiffs' request for reimbursement for costs for mediation fees and conference calls in the amount of $455.50 are not provided for in the rules or

---

28 U.S.C. § 1920(6).

statutes and should be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant's Motion to Review Clerk's Taxation of Costs **[#239]** is granted and the court finds that the plaintiffs are entitled to a recovery of costs in the amount of $16,735.22, for which let execution issue and that all other pending motions are denied as moot.

SO ORDERED AND ADJUDGED this the 17th day of February, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE